Per Curiam.
There is no error in the chancellor’s decree in favor of Wm. Crutchfield. It is clear that Crutchfield did not obtain more relief than he was entitled to. Whether he obtained less it- is not necessary to inquire, as he did not appeal.
The Heedles’ debt was improperly allowed. Heedles’ bill was filed to collect $983.40 or $938.40 (for it is stated both ways in his bill), due him for 4,000 feet of main pipe furnished at the special instance and request of the company. His bill was filed 1st of July, 1877. Process issued returnable to the August rules. Ho> defense was made by the company, and judgment pro confesso- was taken at September rules.
But complainant’s bill was filed 30th of July, 1875, to settle and adjust the debts and liabilities of the corporatioD and its stockholders. He denied the authority of the officers of the company to contract these various debts, denied that they were acting in good faith, asked to be permitted to defend these suits on behalf of himself and other stockholders, if these officers of the company did not; that proper accounts for settlement of the affairs of the corpo *157 ration be taken, and that all these suits be consolidated. This was done, and it is clear that complainant and the other stockholders have the right to show that Needles had no valid debt, he himself being a stockholder. This they clearly showed, and the chancellor held he was not entitled to the debt he sought, but gave him a reference for a debt he did not seek. Needles did not complain of this or appeal. He was clearly entitled to nothing unless to his claim for $983.40 for pipe furnished, and it is equally clear that he was not entitled to that. See depositions of Nerop, .Fleming, Oían, and Weaver.
One of the appellants is Pat Fleming. He excepted to the report because his claim (balance of two judgments) against the gas company was not reported and allowed. He was a defendant to the Crutchfield bill, and on his own petition, filed August 7, 1875, became a party to another one of these consolidated causes (240-1). In this petition he showed he had recovered two judgments before a justice of the peace against the gas company, one for $142.25, and the other for $50, on the 10th and 12th of July, 1875; that execution had issued on these judgments. On one of the judgments he had received $70, and on the other about $30. By virtue of execution on first judgment, the constable holding it had levied on a lot of meter connections and sundry meters that Mayens & Co., attaching creditors herein, had levied an attachment, or claimed to have done so, upon this property. He asked to replevy it, and was alloAved to do so, ujion executing bond in double its value.
He gave bond for $17 0, showing he had replevied fifty-four meters, of value of $1 each, “said meters' and their connections having been levied on,” etc.
Files a second petition in this cause 29th of March, 1878. In this he sets up that balance due on his two^ judgments is $86.58, and interest. Fleming proves his claim. It is not allowed. He excepts to the report of the master, *158 and appeals. He is entitled to a decree for this debt, interest, and cost, against the defendant gas company, to be paid as other judgments in favor of stockholders.
On the 26th of January, 1881, the Forest Oity Varnish Oil and Naphtha Company filed a petition in this cause, asking an allowance of an account for $420.33, made by Wm. Huett, the then president of the gas company, in his own name, but in reality for goods purchased for the company. It prayed to be allowed to be filed in the consolidated causes, and that petitioner have a decree against the gas company for the debt and interest. No defendant or defense vas made to the petition. No order allowing it filed or petitioner to become a party. N> judgment for confessed, and no issue made on it, or order about it. No proof taken. Yet on the 5th of IVIay, 1881, a decree w^as rendered in favor of petitioner for $51"7.33. Afterwards, it is reported by the master as a debt due the Forest City Varnish Oil and Naphtha Company, by this decree of May 5, 1881. This report was not excepted to, and was confirmed. The fact that 'there “was no exception to the report cannot conclude the defendants, because it is made on an erroneous decree preceding. Having been formerly decreed, a report of it was a mere formal matter, and the decree would have sustained -the report against any exceptions. It stands on the basis of a report made under an erroneous order of reference, which, altogether, confirmed without exception, will be set aside, if, on appeal, the order of reference is reversed. There is nothing to sustain the decree of the 5 th of May, allowing this claim, and the final decree as to it must be reversed, and this claim disallowed.
It is not necessary to notice the point made in argument as to erroneous assessment of other stockholders. The argument is made for some who do not appeal, and the assessment is not erroneous.
With the modifications indicated, we are satisfied with the decree, and it will be aifirmed. The costs of this cause, *159 and the several consolidated canses, will be paid as decreed by the chancellor, on the 5th of November, 1880, except the costs in the canse of J. H. Needles against the gas company, and costs accruing on the petition of the Forest City Varnish Oil and Naphtha Company, which will be decreed against these complainants and sureties on their bonds. The cost of appeal will be divided between the defendants, J. H. Needles and the Forest City Varnish Oil and Naphtha Company.