## GALYON *v.* GILMORE.

### (*Knoxville.* October 25, 1894.)

1. HOMESTEAD. *County Court has not jurisdiction to assign, when.*

   The proceedings of a County Court, though had without objection of parties, are void even upon collateral attack, for want of jurisdiction in the Court, and estop no one, whereby the homestead reserved in general terms by an insolvent debtor in making a general assignment is set apart to him, under decrees of the Court, upon the petition of the assignee filed against the debtor for that purpose alone.

   Code construed: §§ 4980–4984 (M. & V.).

   Cases cited: Rhea *v.* Meredith, 6 Lea, 605; Arnold *v.* Jones, 9 Lea, 545; Dean *v.* Snelling, 2 Heis., 484–487; Agee *v.* Dement, 1 Hum., 332; Dickson *v.* Caruthers, 9 Yer., 30.

2. SAME. *Waiver of right not presumed.*

   Where an insolvent debtor reserved his homestead in general terms in making a general assignment, and, by a subsequent arrangement between himself and the assignee, was assigned as homestead a portion of the estate incumbered with a lien, it is the duty of the assignee, in the absence of an express agreement of the debtor to assume the risk of the lien, to protect the homestead by paying off the lien out of the assets assigned, and upon his failure to do so, and consequent loss of the homestead, the debtor will be indemnified by an allowance out of the funds in the assignee's hands.

   Cases cited and approved: Gray *v.* Baird, 4 Lea, 212; Bennett *v.* Austin, 10 Lea, 564; White *v.* Fulghum, 87 Tenn., 281.

3. SAME. *Same.*

   And any agreement of the debtor to waive any of his rights to homestead must, in such case, be established by plain, positive, and direct proof.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. HENRY R. GIBSON, Ch.

COOPER & DAVIS for Galyon.

COMFORT & SPILMAN for Gilmore.

WILKES, J. Complainant, Galyon, being insolvent, in May, 1891, made a general assignment to defendant, Gilmore, for the benefit of all his creditors. The deed of assignment embraced several pieces of real estate, and made a reservation, in general terms, of his homestead, without specifying any particular land out of which it should be assigned.

The trustee afterward filed a petition in the County Court of Knox County, making Galyon and wife parties respondent thereto, and asking that Court to set apart the homestead thus reserved. Galyon and wife answered this petition, and requested that their homestead be set apart out of certain property situated on the Tazewell Pike. It was known to them and to the trustee that there was an incumbrance upon this land in the shape of a vendor's lien for purchase-money for something over $2,000.

An agreed statement of facts is filed, in which it is recited that Galyon and wife supposed the remainder of the lot, after assigning homestead, would be sufficient to discharge the vendor's lien, or, if it did not, the trustee would remove the incumbrance on the homestead out of the proceeds of the other lands conveyed. Homestead was accordingly set apart by metes and bounds out of

Galyon *v.* Gilmore.

said property on the Tazewell Pike so incumbered, and the trustee, thereupon, sold the remainder of the real estate conveyed to him, except that on the Tazewell Pike, and leaving the complainants, Galyon and wife, in possession of that portion of the Tazewell Pike lot set apart to them as their homestead.

Afterwards, the vendor's lien on this Tazewell land was enforced by bill in chancery, the part left after setting aside homestead being first sold, and, this not bringing enough to satisfy the lien, the homestead part was also sold, the proceeds of the entire tract being required to pay the vendor's lien and costs, leaving no surplus, and complainants ousted of their homestead. The other real estate conveyed to the trustee has been sold by him, and, after paying off incumbrances, the trustee has a balance of proceeds in his hands.

Galyon and wife thereupon filed this bill, setting out the facts as above stated, and asked that out of the proceeds of the assigned property now in the hands of the trustee, or that may hereafter come into his hands, $1,000, be set apart and invested in a homestead for them in the manner prescribed by law.

The cause was heard upon the agreed statement of facts, when the Chancellor was of opinion that complainants were not entitled to any relief, and the bill was dismissed at complainants' cost, and they have appealed and assigned as error the action of the Chancellor in refusing the relief prayed.

43—9 P

It is insisted the assignment of homestead, made under the decree of the County Court, was upon condition—

*First.*—That the land out of which it was assigned would be sufficient to discharge the vendor's lien, and leave enough to make out the homestead allowance of $1,000 for complainants.

*Second.*—That the part allotted as homestead would be relieved out of the proceeds of the other assigned property.

The exact terms of the decrees of the County Court are not set out in the agreed statement of facts, but it is not insisted such conditions and stipulations were specified in the decree of that Court.

*Third.*—That the proceeding in the County Court did not constitute a selection and setting apart of the homestead to which complainants were entitled under the law, since the property set apart was incumbered beyond its value by vendor's liens superior to the homestead right, and had since been taken to satisfy these liens.

*Fourth.*—Because if said allotment should be held good and conclusive, yet it was the duty of the assignee to relieve the homestead of incumbrances out of the proceeds of other land, and, this not having been done, this Court should now set apart a fund for homestead purposes out of the proceeds of the other lands, and thus grant relief and save the homestead right.

On the other hand, defendant insists that the

homestead having, by consent and at the instance
of complainants, been set apart out of certain
land, it was *res adjudicata,* and complainants took
the land allotted them subject to all risks, so far
as the liens upon it were concerned, and the de-
cree and action of the County Court cannot now
be questioned; that the decree of allotment was
not conditional, and that no provision was made to
have the trustee relieve the incumbrance out of
the proceeds of other property, and that the re-
mainder of the property and its proceeds were re-
lieved of the homestead claim; and that the loss
of the homestead has resulted from a depreciation
in the value of the property.

The statutes do not provide the manner in
which homestead shall be assigned when there is
a general reservation of it in an assignment, as it
does when the property is levied upon, or it be-
comes necessary, on the death of the owner, to as-
sign it to his widow.

Had the County Court any jurisdiction to allot
and set apart homestead in kind in this case?
In *Rhea* v. *Meredith, Adm'r, et al.,* 6 Lea, 605, it
was held that the County Court has jurisdiction,
under §§ 4980–4 of the Code (M. & V.), to assign
and set apart homestead, as well as dower, when
an insolvent estate is being wound up in that
Court, and that such assignment cannot be at-
tacked in chancery by creditors dissatisfied with
the allotment unless allegations sufficient to impeach
a decree are made.

Having the jurisdiction to settle insolvent estates, the County Court, as an incident thereto, has the power to set apart homestead in order to ascertain what remains to be sold without the incumbrance of the homestead. It has also been held that the Circuit Court has power to assign homestead in an action of ejectment pending in that Court. *Arnold* v. *Jones,* 9 Lea, 545.

But in both these cases the power to allot homestead is a necessary incident to the proper exercise of a jurisdiction already acquired by the Court upon other grounds.

Here the action brought in the County Court was alone for the purpose of allotting homestead, and the power to allot did not depend upon or arise out of a jurisdiction already rightfully acquired on other grounds. It is probable that, in such case, the Chancery Court alone would have the power to allot the homestead, either by setting it apart in kind or directing $1,000 of the proceeds to be invested as the law provides, but this power would very safely rest on the general jurisdiction of Chancery Courts to enforce trusts and remove liens and incumbrances. No such general jurisdiction exists in the County Court, and that Court had no jurisdiction to allot homestead under the facts as presented. It was not a case of partition, and, even if it was, the County Court could not have taken jurisdiction on account of the incumbered condition of the lands, nor could the consent or acquiescence of the complainants

in this case, who were respondents in that, confer or aid the jurisdiction. *Dean* v. *Snelling*, 2 Heis., 484–7.

The County Court having no jurisdiction of the subject-matter, the decree, though consented to, is absolutely null and void. *Agee* v. *Dement*, 1 Hum., 332; *Dickson* v. *Caruthers*, 9 Yer., 30; *Dean* v. *Snelling*, 2 Heis., 484.

It is insisted, however, that the debtor selected the Tazewell land for his homestead, and thereby took the risk of the incumbrances on it, and that the homestead has been lost in consequence of a depreciation in the value of the property.

Suffice it to say, such case is not presented in the agreed state of facts. There is nothing to show any depreciation in the property, and there is no direct evidence of any agreement on the debtor's part to take the homestead subject to the risk of its being taken by superior incumbrances. If the debtor had made such an agreement, he would be bound by it, and, even if the County Court proceeding was void, he would be estopped to claim any different homestead, because of his agreement to take the incumbered one subject to the lien, and at his own risk. We think it was never contemplated by the trustee or the debtor that the latter should take the risk of this incumbrance, but, evidently, both trustee and debtor acted upon the idea either that the remainder of the Tazewell land would be sufficient, when sold, to extinguish the lien and leave the homestead

free of incumbrance, or that such incumbrance would be removed by the proceeds of other property conveyed. And, if there was no express agreement on the part of the trustee to protect the homestead from incumbrance, such a duty arose as a matter of law. In order to set up and establish such an agreement, when the effect would be to defeat the homestead right, it would require plain, positive, and direct proof, and such agreement will not be raised by inference to defeat a right which the law favors and the Courts will aid by a liberal construction.

In the absence of any express agreement, the sale of the remaining lands by the trustee will not defeat complainant's · right to homestead, which he expressly reserved in his assignment, and he will now be entitled to a homestead provision out of the proceeds of the property sold. *Gray* v. *Baird*, 4 Lea, 212; *Bennett* v. *Austin*, 10 Lea, 564; *White* v. *Fulghum*, 3 Pick., 281.

The decree of the Chancellor is reversed, and the cause is remanded to the Court below, to the end that, out of the proceeds in the hands of the trustee, or that may come into his hands, from the sale of the assigned property upon which there are not liens superior to the complainants' homestead, $1,000 may be invested in a homestead for complainants according to law. The costs of the appeal will be paid by defendant, Gilmore, out of the trust-funds in his hands.