ROY NEWMAN CIGAR CO. v. JOE MURPHY, et al.

Eastern Section. March 11, 1926.

No petition for Certiorari was filed.

1. Judgment. Purpose of writ of error coram nobis is not to review the evidence.

A writ of coram nobis is only for the purpose of allowing the chancellor to review the case.

T. A. Vol. II—21.

2. **Appeal and error. Not necessary for bondsman to file writ of error coram nobis in order to appeal.**

A bondsman against whom judgment has been rendered as such is not entitled to a writ of error coram nobis where the case was fully presented before judgment was entered.

3. **Parties. A party against whom judgment is rendered is a party to the action notwithstanding that he may not appear as complainant or defendant.**

Parties to an action include not only all persons who appear as complainants or defendants on the face of the suit, including guardian ad litem and next friend of minor, but also quasi parties. Quasi parties include persons against whom judgment is rendered for whatsoever cause, as a surety or bondsman.

4. **Appeal and error. Anyone or more of the parties to an appealable judgment or decree of a chancery court may pray and obtain an appeal.**

Any party interested, whether he be a person who appears as a complainant or defendant or whether he be a quasi party as surety or bondsman is entitled to prosecute an appeal from a final judgment and have all errors of law reviewed in the appellate court.

Appeal from Chancery Court, Knox County; Hon. Chas. Hays Brown, Chancellor.

Affirmed.

A. Y. Burrows, of Knoxville, for appellant.

Bowen & Bowen, of Knoxville, for appellee.

PORTRUM, J.   The complainants in February, 1924, filed a general creditors bill against Joe Murphy, doing business under the firm name of Empire Cigar and Fruit Stand, in the city of Knoxville. The bill was sustained as such and Floyd Julian was appointed receiver to take charge of the effects of the firm, under a receiver's bond of $500. The receiver attempted to operate the business, under orders of the court, for a few months. He then was ordered to sell the business, but received no satisfactory bids. Being impressed with his ability to operate the business, with the consent of the creditors he placed a bid upon the stock of about $900, which was sufficient to discharge the obligations of the company; the fact was, he agreed to pay the outstanding obligations for the business. This offer was executed and filed in the cause, and remained on file for eight or more months, and in the meantime Julian had made a failure of the business.

Under the then status the attorney for the general creditors called up and had the bid of Julian, for the business, at the sum of $972, ratified by the court. The receiver made his report to the court showing his receipts and disbursements, and also charging himself with the purchase price of the stock of goods, when an order was made confirming the report, with the exception of one item, due to a creditor of record which he had paid without the sanction, or an order of, the court. This item was disallowed him, notwithstanding, as he claims, the record shows it was a preferred claim, and he was not

subrogated to the rights of the preferred creditor, but required to again pay the item. The report as confirmed showed a balance to be paid, on the purchase price, by Julian of $356.85, and an order of distribution was made and the cost taxed. At a later date during the term another order was entered requiring Julian to pay the said sum into court. He did not comply with this order, and still another order was entered commanding Julian or his bondsmen to pay the said sum, and in addition the preferred item, making a total of $419, into court within thirty days; and granting a judgment against Julian and his bondsmen on his receiver's bond for this amount, as shown to be due upon the purchase price, and an execution was awarded; the order providing that the clerk notify Julian and his bondsmen of the action taken.

Upon receipt of the notification the bondsmen, W. R. Julian and Ray D. Webb, felt aggrieved, for the reason that they did not believe themselves liable upon the receiver's bond for the purchase price of the stock of goods sold and confirmed to the purchaser. Their counsel filed a petition seeking a writ of error coram nobis. The facts set out in this petition for the writ were practically the same as those set out above, though in greater detail, and the errors complained of were the judgment against them for the preferred item paid by the receiver without the sanction of the court, and for the entry of a judgment against them for the balance of the purchase price of the stock of goods. There were no new facts alleged, or no surprise, accident or mistake charged. The errors complained of were errors of law, apparent upon the face of the record, if errors at all. The writ of error coram nobis could serve no other purpose but a review of the case by the chancellor, and is not authorized for this purpose. The petitioners misapprehended the law, and thought it was essential to file this petition before they could become parties to the litigation and test their liability, and this seems to be the purpose of the petition. It was not necessary for this purpose.

> "All parties who (5) are sureties on any note, bond or other obligation filed in a cause, are, in a limited sense, parties; that is, they have a right to be heard by the court in any matter affecting property by them purchased or bid for, or their rights, liabilities or duties as receiver, trustee, guardian, claimant or surety." Gibson, sec. 764.

> "Any one or more of the parties to an appealable judgment or decree of the chancery court may pray and obtain an appeal. . . . And what is meant by parties is not only all persons who appear as complainants and defendants on the face of the bill, including guardians ad litem and next friend of minors, but also all quasi parties. Quasi parties include: . . .

7, persons against whom judgment is rendered for whatsoever cause. ,, . . .'' Gibson, sec. 1263.

The decree in the court below was final, and any party in interest, as above defined, was entitled to prosecute an appeal and have all errors of law reviewed in the appellate court. The petitioners' sole remedy was a motion to rehear before the chancellor, if deemed expedient, then an appeal or a writ of error to the appellate court. His appeal is now lost, but his remedy for a writ of error is not impaired; but in case a writ should be prosecuted, attention is called to the defective state of the transcript, the so-called preferred creditor's claim, together with all others, were excluded by order of the court, because not pertinent to the appeal from the denial of the writ of error coram nobis.

The action of the lower court in dismissing the petition for the writ of error coram nobis is affirmed, and the petitioners and their sureties are taxed with the cost of the appeal.

Snodgrass and Thompson, JJ., concur.