WILLIAM GARRETT *v.* ALICE GARRETT.*

(*Nashville.* December Term, 1927.)

Opinion filed, December 17, 1927.

1. **APPEAL. WRIT OF ERROR. COURT OF APPEALS.**

A petition for writ of error improvidently granted by this Court will be dismissed. (Post, p. 254.)

2. **APPEAL. COURT OF APPEALS. SUPREME COURT. JURISDICTION.**

The jurisdiction of this Court is not saved by the circumstance that no question of fact is involved on appeal, such jurisdiction depending on the method adopted in the Trial Court, and unless that method precludes a determination in that court of the facts the appeal lies to the Court of Appeals only. (Post, p. 254.)

Citing: Acts of 1925, chapter 100; Cox v. Smith, 154 Tenn. (1 Smith), 369.

3. **APPEAL. COURT OF APPEALS. JURISDICTION. LEGISLATIVE INTENT.**

The Act creating the three divisions of the Court of Appeals was designed to equalize the work of this Court on the one hand and the Court of Appeals on the other, but it was not the intention of the legislature to limit the jurisdiction of the Court of Appeals to questions of fact only. (Post, p. 255.)

Citing: Acts of 1925, chapter 100; Gormany v. Ryan, 154 Tenn. (1 Smith, 432.

*Headnote 1. Courts, 15 C. J., section 552.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— HON. WIGHTMAN HUGHES, Judge.

HARSH & HARSH, for appellant.

HANOVER & HANOVER and GROVER N. McCORMACK, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this cause a divorce was granted to the complainant upon bill filed in the Chancery Court, service of process and *pro confesso* against defendant and oral testimony heard by the Chancellor. The decree also vested in the complainant certain real estate in Shelby County which had been the property of her husband, by way of alimony.

(1) A petition for writ of error was filed by the defendant, presented to a member of the Court during vacation, and the writ granted.

The assignments of error do not question the decree below in so far as it granted a divorce, but do challenge the decree in so far as it adjudged the wife to be entitled, by way of alimony or otherwise to the land mentioned. No bill of exceptions was preserved and the record presented consists merely of the pleadings and orders in the case.

The writ of error was improvidently granted and must be dismissed. Appellate jurisdiction of this case is in the Court of Appeals.

(2) Petition for writ of error was no doubt addressed to this Court upon the theory that no question of fact was raised, only questions of law. As pointed out in recent cases, the jurisdiction of this Court is not saved by the circumstance that no question of fact is involved on the appeal. Chapter 100, of the Acts of 1925, preserves the jurisdiction of this Court in cases that "have been finally determined in the lower Court on demurrer or other method not involving a review or determination of the facts."

"The jurisdiction on appeal depends on the 'method' adopted *in the trial Court,* and unless that method precludes a determination in that Court of the facts, the appeal lies to the Court of Appeals only." *Cox* v. *Smith,* 154 Tenn., 369.

(3) "Manifestly it was not the intention of the Legislature to limit in any sense the jurisdiction of the Court of Appeals to questions of fact merely. There is no warrant for so construing the creating Act as to thus minimize the prerogatives of that court of great dignity and high authority." *Gormany* v. *Ryan,* 154 Tenn., 432.

As heretofore stated this case was determined in the lower Court on a method that did involve "a review or determination of the facts." The decree was entered, as it shows, after a hearing of oral testimony.

While it was the intention of the Legislature, as far as practicable, to relieve this Court of the necessity of resolving issues of fact, it did not by Chapter 100 of the Acts of 1925 intend to confer exclusive jurisdiction upon this Court of questions of law. It was designed in a measure, to equalize the work, between this Court on the one hand and the three sections of the Court of Appeals on the other. Much consideration was given to this matter by those who framed the bill which became Chapter 100 of the Acts of 1925, to the question of the proper apportionment of appellate jurisdiction, and it was concluded that a result more fair might be reached by leaving to his Court cases which had not been determined in the lower Court by a method not involving a review of the facts than by broadly leaving to this Court all cases which did not involve a review of the facts on appeal.

As previously stated, this writ of error must be dismissed. The application lies to the other Court.