REYNOLDS v. HAMILTON et al.—77 S. W. (2d) 986.

Middle Section. January 25, 1934.

On Petition for Rehearing April 7, 1934.

On Second Petition for Rehearing April 28, 1934.

Certiorari Denied by Supreme Court January 12, 1935.

382

Sam C. Tigert, of Fayetteville, for complainant Mrs. Reynolds. J. W. Holman, of Fayetteville, for defendant Davenport Bros.

CROWNOVER, J. ■■■ The motion to dismiss the appeal because it was prayed, granted, and perfected after the time for appeal had expired is overruled. The decree was rendered January 28, 1933, and a petition for a rehearing was filed on that same date, but was not overruled until April 17, 1933, at which time an appeal was prayed and granted, and bond was filed, but the decree was entered as of March 18, 1933, nunc pro tunc. The entry of a motion for a new trial suspends the judgment until it is disposed of, and a petition to rehear likewise suspends the decree pending the disposition of the petition to rehear. Wright v. Dorman, 155 Tenn., 189, 291 S. W., 1064. The time for an appeal will be computed from the date of the entry of a nunc pro tunc decree, and not the prior date when the original decree was made. Lillard v. Mitchell (Tenn. Ch. App.), 37 S. W., 702. The decree shows that the petition to rehear was filed in January, 1933, and was copied into the decree of April 17, 1933, entered nunc pro tunc.

Mrs. Arreva Reynolds, the owner of a one-third interest in certain lands in Lincoln county, filed a petition in the county court of that county to have said lands sold for partition. The bill was filed against J. P. Hamilton and R. R. Hamilton, each being the owner of a one-third interest, and B. E. Holman, trustee under a deed of trust conveying Mrs. Reynolds' one-third interest in said land to secure a debt of $800, and prayed for an order of reference to the clerk to ascertain the incumbrances and for sale of the land and partition of the proceeds, but H. E. Dryden, trustee in an unsatisfied second deed of trust on record on said land to

secure certain creditors, including appellants, Davenport Bros., was not made a party to this suit.

On an order of reference, the clerk took proof, and reported to the court that there were no incumbrances except the first deed of trust to B. E. Holman, trustee, described in the bill. Whereupon the court decreed a sale of the land, and later the clerk reported that the land was sold by him for $5,580 cash. Thereupon a decree was entered confirming the sale, divesting and vesting title, and the funds were ordered to be distributed, after paying the B. E. Holman mortgage debt, with the exception of $435.09 of the interest of petitioner Mrs. Reynolds, which was held in court by agreement of the parties for the following reason:

During the taking of proof, it developed that there was an unreleased second mortgage or deed of trust on Mrs. Reynolds' one-third interest in said land in favor of Davenport Bros. This deed of trust was executed by Oscar Parks and wife to H. E. Dryden, trustee, to secure $1,202.80 that they owed to Davenport Bros. and other amounts due other creditors, which complainant contended had been paid in full, but Davenport Bros. insisted that there was a balance of $435.09 still due and unpaid; hence it was agreed of record in the decree that the land be sold and $435.09 should be held in court subject to the lien of Davenport Bros.' mortgage, and that the deed of trust on the land be released of record, and that another reference be ordered for the clerk to take proof and report whether this debt to Davenport Bros. secured by that deed of trust had been paid.

Proof was taken and report made by the clerk that Parks owed a balance of $234.79 to Davenport Bros. on said mortgage indebtedness. Whereupon the county judge decreed that the balance due on said debt to Davenport Bros. was $435.09, but he further decreed that Davenport Bros. had been guilty of laches, therefore they were estopped to assert their rights under the deed of trust, and that the sum of $435.09 retained in court should be paid to Mrs. Reynolds.

Davenport Bros. excepted to this decree, filed a petition for a rehearing, which was overruled, and then appealed to this court and assigned errors.

Appellants, Davenport Bros., were not made parties defendant, but they appeared to defend and took considerable proof on the validity of their claim, and, judgment having been rendered against them, they had a right to appeal, as the judgment was void. Gibson's Suits in Chancery, sec. 1263; Newman Cigar Co. v. Murphy, 2 Tenn. App., 321.

On examination of the record, we are of the opinion that the county court had no jurisdiction to adjudicate the claims and in-

cumbrances and to settle the questions of title of the property in suits for partition or for sale for partition.

■ "Power to adjudicate land titles does not exist in the county court and cannot be conferred by consent of parties; and the rule that the filing of an answer is a waiver of objection to the jurisdiction, has no application." Sizer's Pritchard on Wills & Executors, 960, sec. 814; Walsh v. Crook, 91 Tenn., 388, 19 S. W., 19; Linnville v. Darby, 1 Baxt., 307; Dean v. Snelling, 2 Heisk., 484; Galyon v. Gilmore, 93 Tenn., 676, 28 S. W., 301; Black v. Black, 134 Tenn., 520, 184 S. W. 27.

"The County Court has no jurisdiction of a case of partition where it is necessary as a preliminary to settle the title." Dean v. Snelling, supra; Walsh v. Crook, supra; Apple v. Owens, 1 Tenn. Ch. App., 135, 145.

"The jurisdiction of the county court, under the law authorizing the sale by that tribunal of the estates of decedents, for partition, etc., is limited to the making and completion of the sale alone. Young v. Shumate, 3 Sneed, 369.

"The jurisdiction of the county court, under the law authorizing the sale, by that tribunal, of the property of decedents, for partition, etc., is limited, alone, to the making and completion of the sale. After such sale has been completed, by the confirmation of the report, if any matters of equity exist, or should arise, entitling the purchaser to be relieved against the payment of the purchase money, resort must be had to a court of equity. Bond v. Clay, 2 Head, 379, 380." 9 Michie's Digest of Tenn. Reports, 711.

■ Jurisdiction cannot be waived by an answer or consented to where the title or equities in the land are involved. Dean v. Snelling, supra; Galyon v. Gilmore, supra; Jordan v. Jordan, 145 Tenn., 403, 239 S. W., 423.

■ We are of the opinion that the sale of the land and its confirmation was valid, for the reason that the Davenport deed of trust was released of record at the time, and there existed no controversy about the title; but we are of the opinion that the county court had no jurisdiction to pass on the question as to the balance due on the Davenport debt, as the county court is given jurisdiction to enforce mortgages only where the amount is under $50. Code, section 10232. The county court is a court of special and limited jurisdiction, and has only such jurisdiction and powers as are conferred on it by statute. Brewer v. Griggs, 10 Tenn. App., 379, 394; The Judges' Salary Cases, 110 Tenn., 388, 75 S. W., 1061; Nashville & K. Railway Co. v. Wilson County, 89 Tenn., 609, 15 S. W., 446. Its jurisdiction is somewhat similar to that of justices of the peace. They have no jurisdiction except that expressly conferred on them by statute. Vanbibber v. Vanbibber, 10 Humph., 53, 55. A justice's judgment is void where the want of jurisdiction

appears upon the face of the record. Morrow v. Calloway, Mart. & Y. (8 Tenn.), 240; Harris v. Hadden & Co., 7 Lea (75 Tenn.), 214; Summar v. Jarrett, 3 Baxt., 23, 25. If it is manifest from the papers or judgment that the justice had no jurisdiction, the appellate court will, on appeal, dismiss the cause, although no motion to dismiss was made in the court below. White v. Buchanan, 6 Cold., 32; Harris v. Hadden, 7 Lea, 217.

 The appellate court, on appeal from the county court, has only such jurisdiction as the county court had. Dean v. Snelling, supra.

 Where the court has no jurisdiction of the subject-matter, the question may be raised at any time, by either the parties or the court. Baker v. Mitchell, 105 Tenn., 610, 59 S. W., 137; Swift & Co. v. Warehouse Co., 128 Tenn., 82, 98, 99, 158 S. W., 480.

It results that the decree adjudicating the incumbrances and the balance due Davenport Bros. will be set aside, and the suit as to Davenport Bros.' claim is dismissed at petitioner's cost. The cost of the cause below incident to the sale of the land will remain as adjudged below, but the balance of the cost, including the cost of the appeal, is adjudicated against Arreva Reynolds and the sureties on her prosecution bond.

Faw, P. J., and DeWitt, J., concur.

## ON PETITION FOR REHEARING.

CROWNOVER, J. This cause is again before us on a petition for rehearing in which it is insisted that this court erred in certain finding of facts and conclusions of law, which will be hereinafter discussed.

1. It is insisted that the court erred in finding that the Davenport claim was developed in proof, it being insisted that parties agreed at the hearing that Davenport Bros. were setting up a claim, a balance of $435.09, secured by a mortgage not released of record, that they agreed to release the mortgage of record, and that $435.09 be deposited in court in lieu of the trust deed. Possibly this contention is well taken, but it is immaterial. The fact remains that it was developed (by agreement) at the trial that Davenport Brothers were claiming a balance of $435.09, secured by a registered mortgage not released of record; hence there is nothing in this contention.

2. It is next insisted that this court erred in holding that Davenport Bros. agreed to release of record the lien of their mortgage on the land and hold the lien on the $435.09 deposited in lieu of the deed of trust; it being insisted that Davenport Bros. had no lien on the money deposited.

The agreement entered of record at the trial in the lower court is as follows:

"He will retain in his hands the sum of $435.09 subject to the following agreement and understanding:

"Oscar Parks and wife, Emma Parks, by trust deed dated April 28, 1923, executed to H. E. Dryden, Trustee for L. E. Cowden, Phillips-Buttoroff Mfg. Co., Davenport Bros., Fly Mfg. Co., Volunteer Mfg. Co., to secure various items of indebtedness in said trust deed set out, and release has been made of said trust deed so far as the claims of the Fly Mfg. Co., L. E. Cowden, Volunteer Mfg. Co., and Phillips-Buttoroff Mfg. Co., are concerned, but it is alleged and claimed on behalf of Davenport Bros., that there is a balance due to said Davenport Bros., unpaid under said trust deed, the sum of $435.09. Now, it is agreed that this cause shall be referred to the clerk of this court to hear proof and report upon the following point of reference, to-wit:

"Is there a balance yet due and owing to the said Davenport Bros., on the amount secured to them under and by virtue of said trust deed, and if so, the amount thereof?

"It being also agreed and understood that if the clerk shall report that there is a balance due from the proof, to said Davenport Bros., and said report be confirmed and order finally entered in this cause directing the same to be paid, that it shall be paid out of said funds due to the said Mrs. Arreva Reynolds, and that $435.09 of said funds are here ordered to be retained in the hands of the clerk for said purpose, with right to either side to appeal and that with this understanding said J. W. Holman, Attorney for said Davenport Bros., agrees that the trust deed may be released of record, and agreeing that he will look to the funds in this cause in lieu of said trust deed."

We were merely stating the case, and not attempting to adjucate any lien on that fund in court, as the county court had no jurisdiction to make such adjudication. And this court dismissed that part of the case because the court had no jurisdiction to pass on the claim.

3. It is next insisted the question of title was not involved, and that the county court had jurisdiction of the case and might adjudicate the claim by agreement of the parties.

There is nothing in this contention. The county court has no jurisdiction to adjudicate claims, mortgages, or liens of over $50, as pointed out in our original opinion; and jurisdiction of the subject-matter cannot be conferred by consent. Teague v. Teague, 2 Tenn. Ch. App., 376.

"The question of jurisdiction of the court below should be considered on appeal though not raised by either party." Johnson v. Nelson, 341 Ill. 119, 173 N. E. 77, 88 A. L. R. 849.

█ 4. It is next insisted that, under the agreement that the money be deposited in lieu of the deed of trust, the agreed reference was merely an agreement to refer the matter to arbitration, which could not be appealed from.

We think this contention is not sound. We think that the parties had found that they could not make a legal sale, as there was an outstanding mortgage not released of record, and resorted to this expedient as a step in the procedure of the case, and that it was in no sense an agreement to submit to arbitration.

█ 5. It is next insisted that the county judge did not decree that there was a balance of $435.09 not paid on the Davenport claim. Davenport Bros. insisted that there was $435.09 still due on their claim secured by the deed of trust, and the county judge held that their claim had not been paid, but that they had been guilty of laches and were estopped to assert their rights and ordered the money paid to Mrs. Reynolds. This contention is about an entirely immaterial matter, and is therefore overruled.

6. It is next insisted that Davenport Bros. were not parties to the suit and had no right to appeal, and, if the court had no jurisdiction, then the appeal should be dismissed, and not dismiss the suit.

It was not necessary to make Davenport Bros. parties to the suit. As soon as it was developed in proof or by agreement of the parties at the trial that they had an outstanding mortgage, not released of record, and were claiming $435.09 balance due, the county court had no jurisdiction to sell the land, and the parties might by agreement release the mortgage lien of record, so that the court might have jurisdiction to sell, but the parties could not agree to give the county court jurisdiction to adjudicate whether the claim had been paid and to decide who was entitled to the fund deposited; hence this contention is not well made.

█ 7. We think the contention that the sureties on the prosecution bond are not liable for the cost of the appeal is well made, and our former decree is modified in this respect, so as to relieve the sureties of the liability for the costs of the appeal. Code, section 9110; Physicians Mut. Health & Accident Insurance Company v. Grigsby, 165 Tenn., 151, 53 S. W. (2d), 381.

The petition for a rehearing, in all other respects, is denied.

Faw, P. J., and DeWitt, J., concur.

## ON SECOND PETITION FOR REHEARING.

CROWNOVER, J. This case is again before us on petition for a' rehearing, in which it is insisted (1) that this court overlooked one ground of petitioner's motion to dismiss the appeal because the assignments of errors did not comply with the rules of this court,

388

and (2) that the court erred in taxing the costs of the appeal against Mrs. Reynolds.

After an examination of this petition, we are of the opinion that it is not well made and must be denied.

1. The first step in this court is a determination of whether the court had jurisdiction, and we held that it did not; hence we did not reach the position of considering the assignments of errors, and the motion on this proposition must be overruled.

2. We think the cost was properly taxed against Mrs. Reynolds, as she obtained a void judgment against Davenport Bros., from which they had a right to appeal and have it set aside; therefore the petition for a rehearing is denied.

Faw, P. J., and DeWitt, J., concur.