VANHOOSER et al. v. CUNNINGHAM et al.—146 S. W. (2d) 840.

Middle Section. August 17, 1940.

Petition for Certiorari denied by Supreme Court, January 11, 1941.

Anderson & Anderson, of Gainesboro, for appellant Vanhooser.

Bailey C. Butler and L. M. Botts, both of Gainesboro, George B. Haile, and Worth Bryant, both of Cookeville, Russell Wright, of Hartsville, and Joseph Higgins, of Nashville, for appellees Cunningham and others.

CROWNOVER, J. This case is before us on a writ of error to review the judgment of the County Court fixing the solicitors' fees in a suit for the sale of land for partition.

R. L. Draper died intestate in Jackson County, Tennessee, in the year 1935, the owner of several valuable tracts of land and personalty. His land was worth about $48,000, and the personalty almost $65,000.

The petitioner, Vanhooser, inherited a small interest in the realty, and shortly after his death she filed a petition in the County Court to sell all of his land for partition, and made his other next of kin and collateral heirs parties defendant to the suit. Most of the defendants entered their appearances and filed answers and cross petitions asking for a sale of the land.

Some time after the petition was filed, some of the heirs filed a bill in the Chancery Court and obtained an injunction staying proceedings in the County Court, and insisted that the title to the property should be settled and the land sold in the Chancery Court. This suit and orders made therein were superseded by the Court of Appeals and afterward dismissed.

Later, Blanche Draper and Walter Draper filed a bill in the Chancery Court at Gainesboro against their mother, Mary Stafford Draper, and made the parties in the County Court proceeding defendants, in which bill they alleged that the decedent, R. L. Draper, had married their mother in the year 1881 and that they and several other children of Mary Stafford were the legal heirs of R. L. Draper, and prayed that they be decreed to be the owners of his property, and asked that the proceedings in the County Court be enjoined.

All the defendants except Mary Stafford filed answers and denied that R. L. Draper had married Mary Stafford and denied that Mary Stafford and her children were the legal heirs of the decedent.

A jury was demanded in the Chancery case and much evidence was heard, the complainants introduced a preacher and other parties who claimed that they witnessed the marriage ceremony. But much evidence was introduced tending to disprove that such marriage ceremony was performed. After testimony was heard for several days, the jury disagreed, and a mistrial was entered.

Later this Chancery case was compromised by agreement of all the parties. It was agreed that Mary Stafford and her children should be paid the sum of $20,000 out of the estate of R. L. Draper, $10,000 of said sum to be paid out of the personalty and $10,000 out of the proceeds of the realty; and it was further agreed that the suit would be dismissed upon the payment of said sum.

Pending the proceedings in the Chancery Court, the injunction was modified so as to permit the parties to take depositions in the County Court proceedings, and the preacher and one of the wtnesses to the marriage ceremony were examined at great length, apparently with a view of ascertaining what their testimony would be in the Chancery case.

After the Chancery suit was dismissed, a reference to the Clerk was held in the County Court case as to whether the land was susceptible of partition, or whether it was to the interests of all the parties that the land be sold for partition. The Clerk reported that it was not susceptible of partition and should be sold, which report was confirmed by the Court, and a sale of the land was ordered. The land was advertised and sold in tracts and was purchased by various people. Many petitions to raise the bidding were filed and many pieces of the property were resold and purchased by other people. Finally all the land was sold and the sales confirmed. The total purchase price of all the property was $47,937. Out of this amount $10,000 was to be paid to Mary Stafford and her children. The court costs, inheritance taxes, receiver's fees, attorneys' fees, and other expenses were to be paid out of the remainder.

The cause was then referred to the Clerk to take proof and report what would be reasonable fees for the solicitors for their services in the cause.

Much proof was taken on the reference, and the Clerk reported that the named solicitors should be paid the sum of $14,050, to be divided as follows: (1) Anderson & Anderson, who filed the petition for sale for partition, $7500. (2) B. C. Butler, who represented many of the Cunningham heirs, $1,625. (3) Worth L. Bryant and L. M. Botts, $3,250. (4) George B. Haile, $1,625. (5) C. Q. Milwee, $50. The report was confirmed and decrees were entered accordingly. The Cunningham heirs excepted to the decrees and prayed an appeal

to the Court of Appeals, which was granted, but the Clerk fixed the appeal bond at $15,000, which the appellants could not make, and the appeal was not perfected.

On September 2, 1939, the collateral heirs, defendants in the County Court proceedings, filed the record for writ of error, which was accompanied by assignments of errors and brief, in which it was insisted that the fees allowed were entirely too large, to which the solicitors have filed reply briefs.

The appellee solicitors have filed a motion to dismiss the writ of error for the following reasons:

■ (1) The appeal was made to the wrong court. The application for the writ of error should have been made to the Circuit Court.

This ground of the motion is not well made and must be overruled for the reason that the County, Circuit and Chancery Courts have concurrent jurisdiction of partition cases. Code, sec. 9169. Where the courts have concurrent jurisdiction the appeal lies direct to the Court of Appeals, Code, section 9029. The Court of Appeals has jurisdiction to grant writs of error in cases that might have been appealed to it. Garrett v. Garrett, 156 Tenn., 253, 300 S. W., 9.

■ (2) Because the transcript of the record was not completed when filed. It is necessary to have a complete transcript of the record when application is made for a writ of error. Gibson's Suits in Chancery (4 Ed.), sec. 1273.

But in this case the record was completed upon suggestion of diminution of the record. Hence there is nothing in this proposition.

■■ (3) Because the parties gave no reason why they did not perfect their appeal prayed for and granted in the County Court.

This ground of the motion is not well made for the reason that the record shows that the parties did not perfect their appeal by executing bond. This was necessary in order to perfect the appeal. England v. Young, 155 Tenn., 506, 296 S. W., 14. Where a party for any reason fails to perfect the appeal he is entitled to file the record for writ of error. Gibson's Suits in Chancery (4 Ed.), sec. 1270.

■ (4) Because the evidence was not preserved by a bill of exceptions.

It is not necessary to preserve the evidence by a bill of exceptions where the suit was for partition in the County Court and the evidence was preserved by depositions. Such suits are tried in the County Court as suits in Chancery. Gibson's Suits in Chancery (4 Ed.), sec. 1327. Hence a bill of exceptions was not necessary. Gibson's Suits in Chancery (4 Ed.), sec. 1213.

The substance of the assignments of errors is that the Court should have allowed as solicitors' fees only ten per cent. of the sales of the realty, and that he should have allowed Anderson & Anderson only $1,600, Bryant and Botts a joint fee of not over $1,800, B. C. Butler $900 to $1,000, and George B. Haile not more than $750, if anything.

The contention of the solicitors is that they were compelled to do an immense amount of work in both the partition case and the Chancery cases; that they spared no time, pains, or effort in prosecuting and defending these cases; that their expenses in investigating and in the prosecution of the suits amounted to several hundred dollars; that the issues were sharply contested and required practically all of their time and attention from the time the petition was filed in the County Court up to the time the sales were confirmed; that the sale prices of the various tracts were greatly enhanced by the efforts of the various attorneys in procuring parties to raise the biddings and in filing petitions for that purpose.

After a careful consideration of the large record, we are of the opinion that the assignments of errors should be sustained and that the parties are entitled to about 10% of the sales of the realty in the partition case.

We are of the opinion that the amount of fees to be allowed the solicitors for the petitioners and the defendants in the County Court proceeding is within the sound discretion of the County Judge. This power was conferred upon the County Judge by Chapter 183 of the Acts of 1887, carried into the Code of 1932 as section 9190. Scott v. Marley, 124 Tenn., 388, 137 S. W., 492.

But we are also of the opinion that the County Court is a court of limited jurisdiction, and can only exercise such jurisdiction as is conferred upon it by statute. Reynolds v. Hamilton, 18 Tenn. App., 380, 77 S. W. (2d), 986. And but for Code, section 9190, the County Court would have no jurisdiction to fix fees in partition cases.

Under the above authority we are of the opinion that the County Court has no jurisdiction to fix the fees of solicitors for services rendered in suits in other courts, such as for services rendered in the Chancery Court in clearing up the title to this property.

The County Court has no jurisdiction to fix the fees for services rendered in other cases or to settle controversies about fees for services rendered in other cases. Reynolds v. Hamilton, supra.

When the suit was filed in the Chancery Court by Blanche Draper against the collateral heirs of R. L. Draper, enjoining the County Court proceeding, the collateral heirs could have filed a cross-bill in the Chancery Court and have had the land sold in that case. Where the titles are to be settled and the Chancery Court has acquired jurisdiction of the subject-matter for the purpose of removing clouds from the title, the Chancery Court will decree a partition in kind or a sale for division of the proceeds when sought in that court. Carter v. Taylor, 3 Head, 30. But it appears that no sale in the Chancery Court was asked, and it was agreed that that proceeding in the County Court might stand in statu quo until the Draper suit in the Chancery Court was settled, and after that suit was settled the parties by agreement proceeded under the petition in the County

Court to sell said property for partition. This procedure appears to be sanctioned by our decisions, and the sale in the County Court is valid. Apple v. Owens, 1 Tenn. Ch. App., 135, 145.

As above stated, we think the County Court had no jurisdiction to fix the fees for services rendered in other suits, and is confined to fixing fees in partition cases in its own court.

It appears that the County Judge erroneously assumed jurisdiction to fix the fees for all the solicitors not only for services rendered in the partition case but for services rendered in the Chancery Court and elsewhere in clearing up the titles so as to enable the County Court to sell the lands for partition, and upon this assumption of jurisdiction he ordered the reference for the fixing of fees, and, as the report of the Clerk shows, he fixed the fees of the various attorneys for their services rendered in all the suits pertaining to the title and sale of the property.

A concurrent finding of the Master and Chancellor, or the Clerk and the County Judge, on an erroneous assumption of the law, is not binding on the appellate court. Crutchfield v. Mutual Gaslight Co., 3 Shan. Cas. 155.

Ordinarily, a concurrent finding of the Master and the Chancellor as to the amount of solicitors' fees to be allowed, is not binding on the appellate court. Gibson's Suits in Chancery (4 Ed.), sec. 620; Pearson v. Gillenwaters, 99 Tenn., 446, 459, 42 S. W., 9, 63 Am. St. Rep., 844.

However, it is within the discretion of the lower court as to whether he will allow attorneys' fees for both the complainant and the defendant to be paid out of the common fund in partition cases, and a review of this question can be had only for an abuse of judicial discretion. Scott v. Marley, 124 Tenn., 388, 137 S. W., 492.

Now, with these principles in view, we will proceed to fix the fees of the various solicitors. We think, under the evidence, about ten per cent. of the sales would be reasonable, to be divided as follows:

(1) Anderson & Anderson, $1,750. We allow them this fee for the reason that they filed the original petition and have rendered much valuable service in conducting the suit and in having the bids raised.

(2) Bryant and Botts, $1,500. It appears that Botts has purchased about half of his clients' interest in the fund. Ordinarily, where an attorney has purchased an interest in land and conducts the partition proceedings himself, he is not entitled to any fee. 47 C. J., 606, sec. 919, note 66; Cheney v. Ricks, 168 Ill., 533, 48 N. E., 75; Girtman v. Starbuck, 48 Fla., 265, 37 So., 731, 5 Ann. Cas., 833. For this reason we have allowed Bryant and Botts $1,500, of which Botts will be entitled to one-fourth and Bryant to three-fourths.

(3) Bailey C. Butler, $750. He represented several defendants and filed answers and cross petitions in the proceedings and rendered some service in that case.

██ (4) We allow George B. Haile $500. It appears that he represented several of the Cunningham heirs but had an agreement with them that he was to be paid $500 cash and $500 should he be successful with the suit. As testified to by several of the attorneys, he rendered valuable services in the case, but we think he should be bound by his agreement and will therefore allow him only $500.

There is no controversy about the $50 allowed C. Q. Milwee.

These fees are allowed the various attorneys and will be paid out of the proceeds of the sales of the realty.

We do not pass upon the question of the fees of the various attorneys for services rendered in the Chancery Court and in other cases aside from the partition proceedings in the County Court, and the parties will be allowed to pursue such remedies as they may have for the collection of fees for services rendered in the other cases.

The cause will be remanded to the County Court for the payment of the fees herein allowed. The costs of the appeal including the costs of the cause will be paid out of the common fund.

Faw, P. J., and Felts, J., concur.

### On Petition for Rehearing.

A petition for a rehearing has been filed by P. J. Anderson and other solicitors, in which they review the questions raised in their former briefs.

This petition does not present anything new, and each question was fully considered and passed upon by us in our former opinion filed on August 17, 1940. It will therefore be denied.

██ "A petition for rehearing which made no new argument, cited no new authority, and pointed out no material fact as overlooked, was denied." Melody v. Hamblin, 21 Tenn. App., 687, 705, 115 S. W. (2d), 237, 239.

Upon motion the petition filed by Judge Joseph Higgins, Bailey Butler and Louis C. Botts for additional solicitors' fees for services rendered in this cause is allowed to be withdrawn, and the same is dismissed without prejudice.

Faw, P. J., and Felts, J., concur.