FILED
02/08/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 18, 2017 Session

## MARK GEORGE v. SHELBY COUNTY BOARD OF EDUCATION

**Appeal from the Chancery Court for Shelby County**
**No. CH-15-0622     James R. Newsom, Chancellor**

_____

**No. W2016-01191-COA-R3-CV**

_____

This is a teacher tenure case.  Appellant, a tenured teacher employed by Appellee Shelby County Board of Education, was fired for insubordination and conduct unbecoming. Appellant appealed the Shelby County School Board's decision to the Chancery Court for Shelby County.  In a post-trial motion, Appellee petitioned the court to consider an email notification of the board's decision that was sent to Appellant's attorney.  Specifically, Appellee argued that the email constituted statutory notice to the Appellant so as to start the thirty-day time period for filing an appeal of the board's decision in the trial court.  Tenn. Code Ann. 49-5-513(b).  The trial court denied the motion as newly discovered evidence. We conclude that the email goes directly to the question of whether the Appellant's petition was timely so as to confer subject-matter jurisdiction on the trial court.  Accordingly, the trial court erred in treating the motion as one for permission to file "newly discovered evidence."  Because the trial court applied an incorrect legal standard in ruling on the admissibility of the email evidence and did not address the question of its subject-matter jurisdiction, we vacate the trial court's order and remand for further proceedings.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Kathleen Laird Caldwell, Memphis, Tennessee, for the appellant, Mark George.

Kenneth Melton Walker, II, Jennifer Hinds Collins, and Rodney Gregory Moore, Memphis, Tennessee, for the appellee, Shelby County Board of Education.

## OPINION

# I. Background

Appellant Mark George began his career with Appellee Shelby County Board of Education (the "Board") in 1997. He was a substitute teacher with the Shelby County Schools ("SCS") from 1997 until he was hired as an interim teacher in April of 2001. Mr. George achieved tenure status on July 21, 2005. During the time he was employed by Appellee, Mr. George was involved in several incidents; however, the incident that immediately preceded the termination of his employment occurred on May 14, 2014. This incident involved a Colonial Middle School 8th grader. Mr. George directed the student to sit, and the student failed to comply. Mr. George then walked to the back of the room and grabbed the student and pulled his shirt. Mr. George did not initially report the incident, but the student, who was involved in the incident, reported it, and two other students corroborated the student's account. When questioned, Mr. George admitted that he got "nose to nose" with the student and "there might have been a chest bump." The student later requested that the matter not be pursued, but he never recanted his statement. Mr. George was suspended effective May 20, 2014.

In August of 2014, tenure charges were brought against Mr. George; these charges included conduct unbecoming a teacher and insubordination. Tenn. Code Ann. §§ 49-5-501(3), (7). Mr. George requested, and was granted, an administrative hearing, which was held on February 3 and 4, 2015. Tenn. Code Ann. §49-5-512. On February 26, 2016, the Hearing Officer entered findings of fact and conclusions of law, finding that Mr. George had engaged in unprofessional conduct and insubordination in connection with the May 14, 2014 incident. The Hearing Officer sustained the Superintendent's recommendation of dismissal. Mr. George then appealed the Hearing Officer's ruling to the Board, which held an appeals hearing on April 2, 2015. Following arguments, the Board voted unanimously to uphold the Hearing Officer's findings of insubordination and conduct unbecoming and the Hearing Officer's recommendation of dismissal. Mr. George filed a petition for writ of certiorari in the Chancery Court ("trial court") on May 7, 2015. The administrative record was transmitted to the trial court. In addition to the administrative record, the trial court also heard evidence concerning Mr. George's allegations of disparate treatment. The trial court entered its findings of fact and conclusions of law on May 10, 2016, upholding the Appellee's decision to terminate Mr. George's employment. Mr. George appeals.

# II. Issues

Mr. George raises the following issues for review:

1.      Whether Mr. George was denied due process. From the argument section of his brief, it appears that Mr. George makes several arguments concerning alleged violation of due process:
(A) the written charges were defective under TCA § 49-5-511, i.e., the notice

did not reference the form from the Commissioner of Education; and the notice did not include the Tenure Teacher dismissal policy or Board resolution;

(B) the written charges contained immaterial allegations that were prejudicial to Mr. George, i.e., the charges referenced the earlier incidents.

(C) Appellee did not meet its burden to show that Mr. George engaged in conduct unbecoming a teacher.

(D) Appellee did not meet its burden to show that Mr. George was insubordinate.

(E) The trial court disregarded the burden and order of proof and denied Mr. George the opportunity to cross-examine the witnesses.

2. Whether Mr. George was treated differently from other similarly situated teachers.

Appellee raises a threshold issue of whether Appellant's petition for writ of certiorari in the trial court was timely. Because Appellee's timeliness issue goes directly to the question of whether the trial court had subject-matter jurisdiction to hear Mr. George's appeal, we will address this issue first.

### III. Timeliness of Mr. George's Petition in the Chancery Court

Tennessee Code Annotated Section 49-5-513(b) provides, in relevant part, that "[t]he petition shall be filed within thirty (30) days from the receipt by the teacher of notice of the decision of the board." At the hearing before the Chancellor, Appellees argued that Mr. George received notice of the Board's decision on April 2, 2015, which is the date of the Board hearing where the Board announced its decision orally. The Chancellor opined that oral notice did not satisfy the notice requirement and overruled Appellee's objection. However, after the hearing concluded (but before the trial court entered its final order), Appellee filed a motion seeking permission to file "newly discovered evidence." This "newly discovered evidence" was an April 6, 2015 email correspondence, which was sent from the Board's secretary to Mr. George's attorney, with the Board's decision letter attached. The Board also sent the letter to Mr. George by certified mail on the same day. Based on the email evidence, Appellees averred that Mr. George's May 7, 2015 petition for writ of certiorari was untimely. Specifically, Appellee argued that, if the April 6, 2015 email was sufficient notice to Mr. George, his petition was filed on the 31st day and was untimely under Tennessee Code Annotated Section 49-5-513(b).

As noted above, Appellee couched its post-trial offer of proof as "newly discovered evidence," and the motion was heard on December 18, 2015. On December 21, 2015, the trial court entered an order denying Appellee's motion. The order states, in relevant part, that Appellee's "[m]otion for permission to file additional, newly discovered evidence is not found to be well taken and is denied as being in contradiction to Tennessee Code Annotated

§ 49-5-513(g)." Tennessee Code Annotated Section 49-5-513(g) addresses appeals to the Chancery Court under the Teacher Tenure Act and provides that

> [t]he cause shall stand for trial and shall be heard and determined at the earliest practical date, as one having precedence over other litigation, except suits involving state, county or municipal revenue. The review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at the hearing. **Additional evidence or testimony shall not be admitted except as to establish arbitrary or capricious action or violation of statutory or constitutional rights by the board.**

Tenn. Code Ann. §49-5-513(g) (emphasis added). We glean from the trial court's December 21, 2015 order that because the email evidence did not go directly to the question of whether the Board's actions were arbitrary or capricious, the trial court held that the email was inadmissible. Although the trial court held that the email was inadmissible, it allowed Appellees to treat the proffered evidence as an offer of proof and permitted both sides to make arguments related to its admissibility.

Although we agree that the proffered email does not bear on the nature of the Board's actions, it does bear directly on the timeliness of Mr. George's petition in the trial court. As such, the email evidence goes to the trial court's subject-matter jurisdiction to hear Mr. George's appeal. "Subject matter jurisdiction is the basis for the court's authority to act and cannot be waived." *First Tenn. Bank Nat'l Ass'n v. White*, No. 03A01-9711-CV-00514, 1998 WL 518303 (Tenn. Ct. App. Aug. 20, 1998) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994)). Likewise, a lack of jurisdiction over the subject matter of a controversy cannot be conferred upon the court by the consent of the parties. *Cnty. of Shelby v. City of Memphis*, 211 Tenn. 410, 365 S.W.2d 291, 292 (Tenn.1963); *Baker v. Mitchell*, 105 Tenn. 610, 59 S.W. 137, 138 (Tenn.1900); *Gillespie v. State*, 619 S.W.2d 128, 129 (Tenn.Ct.App.1981); *Tritschler v. Cartwright*, 46 Tenn. App. 662, 333 S.W.2d 6, 8 (Tenn.Ct.App.1959). Lack of subject matter jurisdiction may be raised at any time by the parties to the action or by the appellate court *sua sponte* on appeal. See Tenn. R. Civ. P. 12.08 (stating that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); *County of Shelby*, 365 S.W.2d at 291 (noting the duty of the appellate courts to *sua sponte* consider the issue of the trial court's subject matter jurisdiction); *Travers v. Abbey*, 104 Tenn. 665, 58 S.W. 247, 248 (Tenn.1900) (stating that the subject matter jurisdiction of the trial court "could be raised at any time, and is fatal whenever presented"); *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn.Ct.App.1988) ("The issue of subject-matter jurisdiction can be raised in any court at any time."); *Reynolds v. Hamilton*, 18 Tenn. App. 380, 77 S.W.2d 986, 988 (Tenn. Ct. App.1934) ("Where the court has no jurisdiction of the subject-matter, the question may be raised at any time, by either the parties or the court.").

In its May 10, 2016 order, the trial court acknowledges that the email evidence goes to the timeliness of Mr. George's petition:

> In a post-trial offer of proof, SCS submitted proof that the executive secretary to the General Counsel of SCS sent a letter by e-mail to Mr. George's counsel on April 6, 2015 which constituted written notice with regard to Mr. George's termination. . . . Mr. George filed his Petition on Thursday, May 7, 2015 — that is, thirty-one (31) days after formal notice to Mr. George by the SCS of his termination. See Tenn. Code Ann. §49-5-513(b) ("The petition shall be filed within thirty (30) days from the receipt by the teacher of notice of the decision of the board.").

Despite its acknowledgment that the email could bear on the question of whether Mr. George had satisfied the filing requirement set out at Tennessee Code Annotated Section 49-5-513(b), the trial court ultimately excluded the email and held that Appellee "failed to submit proof that Mr. George's Chancery petition was untimely filed at trial." In so ruling, the court clearly treated the email as "newly discovered evidence," stating, in relevant part, that Appellee

> contends that the proof of Mr. George's untimely filing was newly discovered a few hours after the trial before the court. [Appellee] does not demonstrate that the "newly discovered" evidence was unavailable to it prior to trial or could not have been discovered prior to trial with the exercise of reasonable diligence. *Cf.* Tenn. R. Civ. P. 59.04(2). The Affidavit of Glenda Haskins demonstrates that the evidence at issue was available to [Appellee] at the time of trial — it being in the possession of the executive secretary to the General Counsel of [Appellee] at all times subsequent to its generation on April 6, 2015.
>
> The court concludes that [Appellee] failed to act with reasonable diligence in presenting proof of Mr. George's untimely filing at trial. "In [a] non-jury case, until the matter has been finally submitted to the trial judge for decision, the 'trial' of the case has not been concluded. The trial judge may order further proof to be taken, may reopen the proof for various purposes, extend the time for filing briefs, and the like." ***Weedman v. Searcy***, 781 S.W.2d 855, 857 (Tenn. 1989). In this instance, the matter had been finally submitted to the court for decision, and the trial had been concluded. While the court permitted [Appellee] to make an offer of proof on the subject, the court does not exercise its discretion to reopen the proof in this instance. The court rules that [Appellee] waived its contention that Mr. George's Petition was,untimely filed.

Although Appellee filed its motion as one for permission to file newly discovered evidence, the proffered email is not simply an evidentiary offer; rather, it is germane to the question of the trial court's jurisdiction to hear Mr. George's appeal. Courts should give effect to the substance of motions rather than to their form or title. *See **Brundage v. Cumberland Cnty**.*, 357 S.W.3d 361, 371 (Tenn. 2011); ***Abshure v. Methodist Healthcare–Memphis Hosps.***, 325 S.W.3d 98, 104 (Tenn. 2010); ***Norton v. Everhart***, 895 S.W.2d 317, 319 (Tenn.1995). Furthermore, because questions of jurisdiction may be raised at any time, the fact that Appellee did not tender its motion until after the close of proof is not fatal to the offer. In treating the motion under the discretionary standard applicable to motions concerning newly discovered evidence, the trial court ostensibly ignored the question of its jurisdiction over the appeal. The question of jurisdiction must be answered before the trial court may engage in a de novo review of the Board's decision. Accordingly, we vacate the trial court's order and remand for adjudication of the jurisdiction question. As set out above, although the trial court allowed the parties to argue as to the admissibility of the email evidence, no evidence was adduced as to whether the email satisfies the statutory notice requirement, i.e., whether the email constitutes "receipt by the teacher of notice of the decision of the board." Tenn. Code Ann. §49-5-513(b). Accordingly, although we remand with instructions for the trial court to consider the email, we do not go so far as to hold that the email satisfies the statutory language. Our holding, therefore, does not preclude the trial court from allowing further evidence on the question of whether the email satisfies the statutory notice requirement.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order and remand for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to: (1) consideration of the email evidence; (2) determination of whether the email evidence satisfied the statutory notice requirement; and (3) determination of whether Appellant's petition was timely filed so as to confer subject-matter jurisdiction on the trial court. Costs of the appeal are assessed to the Appellant, Mark George and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE