Lamb v. Sneed.

YANCEY LAMB v. THOS. J. SNEED, et al.

PRACTICE. *Jurisdiction of the Supreme Court. Error coram nobis.* The Supreme Court has no power to entertain a writ of error *coram nobis,* or to review a decree or judgment of a former Term, unless for errors apparent upon its face. Therefore, when a petitioner applied at the present Term to correct a judgment rendered against him at the last Term as surety on an appeal bond, alleging that he did not sign the bond, or authorize it to be done, or ratify the act when done, or know that it had been done until after the adjournment of the Court, etc.,

*Held,* Not entitled to the relief sought.

Code cited: §§3110, 4499, 4500, 4512.

FROM DEKALB.

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

R. CANTRELL and M. D. SMALLMAN for LAMB.

S. M. FITE for Sneed.

DEADERICK, J., delivered the opinion of the Court.

S. W. McClellan filed his petition for writs of error *coram nobis* and *supersedeas,* or a writ in the nature of an *audita querela,* to bring before this Court for correction the matter of a judgment rendered against him in this Court, at its last Term, upon a bond, by de-

fendant Sneed, for appeal upon which petitioner appears as surety.

He denies having executed said bond, or having authorized any one to execute it for him, or that he ever, in any manner, ratified or approved it, and states that he had no knowledge of such bond, or of the judgment upon it, until after the adjournment of this Court. He further alleges that these facts were concealed from this Court at the time of the rendition of said judgment, and that such proceeding operated as a fraud upon him, by causing the Court to decree against him in a matter in which he was in no way liable.

One of the Judges of this Court granted a *supersedeas* in November 1874, but no other process, an execution having issued upon said judgment, and levied.

The Code, §3110, confers the jurisdiction to issue the writ of error *coram nobis* upon the County, Chancery, and Circuit Courts, to review and to reverse, upon sufficient grounds, their own judgments or decrees, respectively.

But a bill of review will not lie in the Supreme Court to reverse its own decrees, and after final judgment in this Court, except through inadvertance, etc., for mistakes apparent upon the face of the record, it has no power to review at one Term the decisions of a previous Term.

By §§4499 and 4500, this Court may give judgment upon all bonds and recognizances executed in either this or the inferior Courts, and may issue *scire facias*, in proper cases, and upon appearance of de-

fendant, and issue of fact made thereon, may order a jury to try the issue and give judgment thereon.

But when the judgment is given it is final. We do not understand these sections, nor §4512, to confer the power to reverse decrees or judgments of this Court at a Term of the Court subsequent to that at which they were rendered.

As the record is presented there is no mistake apparent upon its face. The bond appears to have been signed by the petitioner. This Court has adjudged, in the exercise of its rightful jurisdiction, that it was so signed by him, and that he is liable upon it. If the fact is otherwise—if he did not sign it, or authorize any one to sign it, or ratify its execution as alleged, a fraud has been practiced upon him, from which he might be relieved in another forum; but this Court has no jurisdiction to review the decree or judgment of its last Term, or to entertain the prayer of the petioner to relieve him from the judgment then rendered.

The petition will be dismissed.

NICHOLSON, C. J., dissenting.

A *supersedeas* was granted by one of the Judges of this Court to supersede an execution issued upon a judgment rendered in this Court, at its last Term, upon an appeal bond. The judgment was rendered against the appellant and his surety on the appeal bond, and

the surety files his petition, stating that he never
executed the appeal bond, and never authorized any
one to execute it.    On this petition the execution was
superseded, and the question now is, has this Court
jurisdiction to try the question of fact whether the
petitioner executed the bond or not?    If the trial of
this question necessarily involves the exercise of original
jurisdiction, then it cannot be tried in this Court; but
if, at the trial, the question becomes necessary in carry-
ing out and perfecting the appellate jurisdiction of the
Court, then the question can be tried here.

The appellant was entitled to his appeal on the
condition of his giving bond and security.    He tendered
a bond, which purported to be signed by security, and
upon this bond the appeal was granted.    The bond so
executed became part of the record, and upon the
affirmance of the judgment, this Court, in the exercise
of its appellate jurisdiction, is authorized to render
judgment on the appeal bond.

But the party whose name appears to the bond
denies its execution, while the appellee asserts its
validity.    Until the issue of fact, thus raised, is tried,
this Court cannot exercise its appellate jurisdiction of
rendering judgment on the bond.    It is, therefore,
essential to the proper exercise of its appellate juris-
diction, that the Court should have power to try the
disputed fact.

This conclusion is sustained by reference to the pro-
visions of the Code.    By §4499 this Court may give
judgment on any and all bonds, either in the inferior

Lamb *v.* Sneed.

or Supreme Court, and enforce the sum by execution. By §4500, process of *scire facias* may, in all such cases, be issued, as is proper in similar cases in the inferior Court, and upon appearance of the defendant, and issue of fact made thereon, the Court may order a jury, to determine the issue and give judgment thereon, as the inferior Courts of law might do in similar cases. And by §4503 this Court may issue all writs and process necessary for the exercise and enforcement of its jurisdiction. By §3109, all bonds taken in the appellate Court, or the Court below, in the progress of a cause, form a part of the record, and judgment may be rendered therein by the appellate Court, upon motion, without *scire facias.* By §3161, bonds for the prosecution of appeals are a part of the record of the appellate Court, on which judgment may be rendered against the appellant and his sureties, without notice. By §3109 the remedy by motion on an appeal bond is given, but this does not exclude the remedy by *scire facias* which lies on appeal bonds, etc. *Martin* v. *Gorden,* 3 Haywood, 173.

Under these provisions of the Code, it is apparant that the Court, in aid of and in exercise of its appellate jurisdiction, has the power to order the issuance of the writ of *scire facias* to the alleged surety on the appeal bond to appear and show cause why judgment should not be entered therein. To this he may appear and plead *non est factum,* and on this issue of fact a jury be summoned.

But in the present case judgment has been rendered

23—VOL. 4.

against the alleged surety, without notice, and he now presents his petition, properly sworn to, denying the execution of the bond, and alleging that the judgment was rendered without notice. This presents a proper case for the writ of error *coram nobis* to try the issue of fact so tendered by the petition. There is no specific power given to this Court to grant this writ, but we are of opinon it can be done under §4503, which provides that "the Court may issue all writs and process necessary for the exercise and enforcement of its jurisdiction.