NEIL McDADE et al., Appellants, v. EVEREST McDADE N.C.M. by Eugene N. Collins, Guardian Ad Litem and Edith McDade, Appellees. —447 S.W.2d 22.

Western Section, sitting at Knoxville.   April 28, 1966.

Rehearing Denied June 7, 1966 by Court of Appeals.

Certiorari Denied by Supreme Court December 7, 1966.

336

Spears, Moore, Rebman & Williams, Chattanooga, for appellants.

Eugene N. Collins, Chattanooga, for appellees.

PER CURIAM.

On November 25, 1958, the Western Section of the Court of Appeals sitting at Knoxville announced an opinion in the above styled cause which was published in 45 Tenn.App. 487, 325 S.W.2d 575. This opinion involved a very tedious and laborious study of a record of over 4,000 pages and involved the rights of Clint McDade, the father; Everest McDade and Neil McDade, sons; Grace Everest McDade, their mother and former wife of Clint McDade; Edith McDade, wife of Everest; Ruth McDade, wife of Neil; and Dorothy McDade Ferguson, a daughter of Clint McDade and Grace Everest McDade, in and to various corporations and partnerships owned in varying proportions by the several members of the family. The value of the several enterprises was considerably in excess of $500,000. Because of personality clashes it had become necessary that division be made, some of the family taking some of the businesses and others taking other businesses. In the course of the negotiations Everest McDade and wife, Edith, sold their interests to other members of the family.

These transfers involved some fifty or sixty separate documents. Disputes arose and litigation ensued as a result of which Everest McDade was declared by a jury to be mentally incompetent to execute the contracts which he signed disposing of his interests in the family busi-

nesses. On the former appeal this court overruled the assignments of error made by Clint McDade and he is no longer involved in this litigation.

Some assignments of error by Neil McDade and wife, Ruth McDade, Grace Everest McDade and Dorothy McDade Ferguson were sustained. The primary contentions of Everest McDade on appeal by his then guardian ad litem, Hon. Robert C. McEwan of Chattanooga, were sustained and it was adjudged that his contracts were voidable. The cause was remanded for the lower court to redetermine the respective rights of the parties in all of the various family businesses after taking into consideration the profits made by the businesses and the services rendered by the several members of the family to the businesses.

Upon a remand another large record of over 1,200 pages was made. Mr. McEwan, guardian ad litem for Everest McDade, died and Hon. Eugene Collins of the Chattanooga Bar was appointed. He has rendered very valuable service as guardian ad litem for Everest McDade. The clash of personalities has persisted. Because of the protracted litigation all of the businesses have suffered. Some of them are on the verge of bankruptcy.

On April 12, 1965, His Honor the Chancellor entered a final decree adjudicating the rights of the parties. Everest McDade and his wife, Edith McDade, were the successful litigants upon the trial below. They have not appealed from the Chancellor's decree. The opposing parties, Neil McDade, et al, have filed a broad appeal. This cause was assigned to the Western Section of the Court of Appeals for hearing in Knoxville on February 14, 1966.

Solicitor for appellants upon argument of the cause impressed upon the court that after fifteen years litigation and because of the continuing clash of personalities between Everest McDade and wife, Edith McDade on the one hand and Neil McDade and wife, Ruth McDade, Dorothy McDade Ferguson, and Grace Everest McDade on the other, it is imperative that an end be made to the litigation very shortly, else all the parties will ultimately become bankrupt. It was the position of the solicitor for appellants that even though he felt that the decree of the Chancellor could be reversed in several respects, it would be to the advantage of all the parties for a decree in the nature of a settlement to be entered in this court modifying the decree of the court below in several respects and completely adjudicating all matters between the contending parties.

Accordingly, in lieu of the usual assignments of error, appellants Neil McDade et al filed a petition in this court setting out the salient provisions of the decree of the Chancellor below and outlining those provisions which the appellants thought should be modified as the most equitable adjustment of the many complex problems involved in this protracted litigation. The petition made no request for modification of the decree insofar as it affected the rights of Edith McDade, wife of Everest McDade. The modifications sought affect only the interests of Everest McDade who has been declared mentally incompetent to contract with his brother, sister and mother.

Eugene N. Collins, guardian ad litem of Everest McDade, after conference with his client and ward, Everest McDade, filed an answer or reply in which objection was made to certain portions of the proposed modification.

As to the other provisions of the proposed modification the guardian ad litem neither consented nor objected but submitted the interests of his ward to this court for entry of such decree as would be to the interest of said Everest McDade consistent with equity to the appellants.

██ Edith McDade represented herself in the court below. Since it is not sought on this appeal to change any part of the decree insofar as it affects her rights, it is not necessary that she be represented either by attorney or in person on this appeal.

On March 26, 1966, this court entered an interlocutory order allowing the pledge of all of the stock of the Pepsi Cola Bottling Company of Chattanooga to secure a loan of $50,000 for the company from the parent Pepsi Cola Company of California and discharged all injunctions and restrictions against the pledge of said stock entered by the court below. We felt that this order was necessary to prevent bankruptcy of the Pepsi Cola Bottling Company of Chattanooga which was imminent.

We have reread our opinion in this case of date November 25, 1958, in 45 Tenn.App. 487, 325 S.W.2d 575. We have carefully considered the decree of the Chancellor entered of date April 12, 1965, the petition for modification and the answer of the guardian ad litem and the record of the trial below which has been filed in this court. It is the opinion of this court that it is manifestly to the best interests of all the parties to this litigation, including Everest and Edith McDade, and fair to all that the petition for modification should be sustained in a large measure but there are some provisions to which we think the objections of the guardian ad litem are well taken. We deem it of vital importance that the rights of

the parties in the several different businesses be determined in such a way as to cause a minimum of friction between Everest McDade and the appellants. We also deem it a matter of vital importance that this litigation be ended and that Neil McDade et al be permitted to rebuild the Pepsi Cola business and also the Clint McDade and Sons, Inc. Orchid business; if not they won't be able to pay the judgments which have been awarded to Everest and Edith McDade. Everest is now living in North Carolina where he is doing graduate study in Biology and of course, has no earning capacity of his own while so engaged.

Accordingly, we hold that the decree of the Chancellor below should be modified and/or affirmed as follows:

(1) The memorandum opinion of the Chancellor filed July 18, 1963, as amended by order entered February 4, 1964, nunc pro tunc for December 2, 1963, is hereby affirmed except insofar as it is in conflict with subsequent portions of this opinion.

(2) Archer Paper Company building remains the property of Southland News Company, Inc. It has not been sold as first suggested in the memorandum opinion of the Chancellor.

(3) The decree of the Chancellor awarding judgments of $15,399.90 and $19,444.10 to Everest McDade and $65,000 to Edith McDade are affirmed except Pepsi Cola Bottling Company of Chattanoga is exonerated from said judgments.

(4) Said judgments totaling $99,844 in favor of Everest McDade and Edith McDade shall be paid at the rate of $10,000 per year, payable quarterly out of the net

profits of Clint McDade and Sons, Inc. before the payment of any dividends or loans to Neil, Ruth or Grace McDade or Dorothy McDade Ferguson. The judgments shall draw interest at the rate of 4% per annum as decreed by the Chancellor below and any defaulted payment shall draw interest at 6%. There will be no further income judgments in favor of either Everest McDade or Edith McDade. Future income will be limited to pro rata share of dividends paid by any of the corporations in which they have an interest. The privilege of prepayment of the judgments in favor of Edith or Everest McDade as requested by paragraph 6 of the petition is denied. Sixty-four percent of each quarterly payment shall be paid directly to Edith McDade as a credit on her judgment and thirty-six percent shall be allocated to the payment of the judgments in favor of Everest but said payments shall be made to the special guardian for Everest to be appointed by the court below as set out hereinafter in this decree.

If any or all of the corporations (exclusive of Pepsi Cola Bottling Company of Chattanooga) or individuals do not make said payments then such installment payments may be satisfied by execution on any property of the various judgment debtors named hereinabove.

If any installment payment due each quarter remains unpaid for six months or more, then the entire principal balance, plus accrued interest, shall then be immediately due and collectible by execution on any property of the various judgment debtors both individuals and corporate, jointly and severally.

(5) The expenses of the court reporter which have heretofore been paid out of funds held by the Clerk &

Master belonging to Everest McDade will not be taxed as part of the costs nor paid by the appellants.

(6) The Chancellor's decree relating to the ownership of the stock in the various corporations will be modified so as to provide as follows:

The stock of the different corporations would be redistributed as follows:

### CLINT McDADE & SONS, INC.

| | Shares of Stock |
|---|---|
| Neil McDade | 80 |
| Everest McDade | 80 |
| Ruth McDade | 75 |
| Grace McDade | 75 |
| Treasury Stock | 90 |

### SOUTHLAND NEWS CO., INC.

| | Shares of Stock |
|---|---|
| Neil McDade | 85.50 |
| Everest McDade | 85.50 |
| Dorothy McDade | 50.00 |
| Grace McDade | 50.00 |

### PEPSI COLA BOTTLING CO.

| | Shares of Stock |
|---|---|
| Neil McDade | 100 |
| Grace McDade | 100 |
| Treasury Stock | 200 |

(7) The request of the appellants to modify that portion of the Chancellor's decree relating to the payment of the several $28,500 notes due by Clint McDade & Sons, Inc. is denied and the decree of the Chancellor thereon is affirmed.

■ (8) That portion of the Chancellor's decree authorizing Everest McDade to attend stockholders' meetings and to name his wife Edith McDade, as his attorney to vote his stock is reversed. Everest McDade has been declared incompetent to deal with the other members of the family relating to their interests in the several businesses. The clash of personalities between Everest McDade and the other members of the family has been one of the primary causes of this lengthy and very expensive litigation. After the liquidation of Southland News Company, Inc. as herein provided the only corporation remaining will be Clint McDade & Sons, Inc. Edith McDade will not be a stockholder. A special guardian should be appointed by the Chancery Court to represent Everest and deal with the appellants for him. Everest should not be present because of his mental instability.

The special guardian to be appointed by the Chancery Court should be a mature, successful businessman and unrelated and unconnected financially or socially with any of the parties to this litigation. He should enter upon his duties with an open mind and without prejudice for or against any of the parties to this litigation. He shall have the sole authority to attend the stockholders' meetings and vote the shares of stock of Everest McDade in Clint McDade & Sons, Inc. All monies due and payable to Everest McDade by any of the parties to this litigation both on the judgments hereinabove set out or out of the liquidation of Southland News Company, Inc. or as future dividends on Everest's stock in Clint McDade & Sons, Inc. shall be paid to such special guardian.

Since Everest McDade and wife are now living in North Carolina where Everest is pursuing graduate

studies, it will probably be necessary for him to receive some of the funds in the hands of the special guardian on which to live. The court below will determine when and how much of Everest's funds will be paid to him by the special guardian but the appellants shall in nowise be involved in the payment of such funds by the special guardian to Everest McDade.

(9) The provision of the Chancellor's decree denying the corporations the right to employ Grace McDade, Ruth McDade and/or Dorothy McDade Ferguson is reversed and will be omitted from the decree entered in this court.

(10) The provision of the decree below relating to the liquidation of Southland News Company, Inc. will be modified so as to provide that the assets of the corporations, including the Archer Paper Company building, will be liquidated by the officers of the corporation as expeditiously as is economically feasible keeping in mind the regulations of the Internal Revenue Department so as to reduce corporate taxes as much as possible. The officers of Southland News Company, Inc. will confer regularly with the special guardian for Everest McDade and keep him fully informed as to the plans and progress of liquidation. If the special guardian shall be of opinion that the financial interests of Everest McDade are being substantially prejudiced by any phase of the liquidation, he shall have the right and of course it shall be his duty to make objection to the officers and if necessary ultimately apply to the Chancellor for injunctive relief. As long as the special guardian believes that the officers of Southland News Company, Inc. are liquidating the affairs of the corporation in good faith and in a manner which they honestly believe to be to the best interest of

the corporation and all of the stockholders therein, then such officials should be permitted to continue such liquidation without restriction by the Chancery Court. The net proceeds from the sale of the assets of Southland News Company, Inc., shall be paid directly to the respective owners of the stock in Southland News Company, Inc. and not through Chancery Court but of course the special guardian of Everest McDade will receive the proceeds accruing to Everest.

All debts, loans and advances heretofore made to any of the stockholders of Southland News Company, Inc. will be repaid out of monies belonging to such stockholders, excluding charges to stockholders resulting from liquidation of the tax "suspense account."

(11) The award of $20,000 as a fee to Eugene Collins for his services as guardian and attorney ad litem for Everest McDade through April 11, 1963, is affirmed and the appellants are charged with the payment of this fee. In addition, Eugene Collins is allowed a fee of $1,500 for his services from April 11, 1963, through this court of which amount $1,000 shall be payable by the appellants and $500 shall be chargeable to Everest McDade.

(12) That portion of the decree below which allowed Everest and Edith McDade reasonable fees for accounting services will be reversed but the appellants will be required to pay accounting fees to Robert Johnson in the amount of $3,080.85 and shall not be obligated to pay any other accounting fees for services for benefit of Everest or Edith McDade.

■ (13) The order of the Chancellor entered of date December 30, 1959, nunc pro tunc December 17, 1959, enjoining transfer and disposition of any of the assets

of the businesses in which Everest McDade has an interest without approval of the court is reversed. The decree in the present cause will provide that the officers and directors of Clint McDade & Sons, Inc. may operate the business of the corporation in the normal and ordinary manner free of restraint by the court subject only to the requirement that they shall not waste, secrete or dispose of the assets of the corporation in a manner calculated to defeat the interest of Everest McDade in said corporation nor to delay or avoid the payment of the regular installments on the indebtedness adjudged against said corporation in this decree in favor of Everest and Edith McDade. The final decree shall further provide that the officials of Clint McDade & Sons, Inc. shall have an annual audit of the business of the corporation by a competent accounting firm. A copy of the audit shall be furnished promptly to the special guardian of Everest McDade.

(14) Nothing in the decree shall be construed to abridge any of the rights of Everest McDade as a minority stockholder in Southland News Company, Inc. or Clint McDade & Sons, Inc. His special guardian shall have right of redress on his behalf for any alleged illegal or improper conduct on the part of any official of Clint McDade & Sons, Inc. or Southland News Company, Inc. occurring after the date of the trial below. All matters of controversy occurring up to the date of trial below are merged and adjusted in the decree to be entered on this opinion.

(15) The final decree in this cause shall further provide that the interest of Everest McDade in the property involved in this litigation shall be liable for the payment of legal fees accrued to Judge David Tom Walker and

the estate of Robert McEwan for services rendered Everest McDade prior to the appointment of Eugene Collins as guardian and attorney ad litem.

The cause will be remanded for the enforcement of the decree herein entered. Upon the appointment and qualification of the special guardian to handle the financial affairs of Everest McDade, Eugene Collins will be permitted to resign and be discharged from all further responsibility in this cause.

It has been our intention to dispose of and adjudge all matters in litigation between the parties in this opinion. We invite counsel in the preparation of the final decree to be entered to make sure that all matters in litigation are finally adjudged. The costs in this cause shall be taxed primarily against Clint McDade & Sons, Inc. with judgment over against Neil McDade, Everest McDade, Ruth McDade, Grace McDade and Dorothy McDade Ferguson and Southland News Company, Inc.

## ON PETITION FOR REHEARING

A final opinion was filed in the above styled cause of date April 28, 1966, modifying the decree of the lower court and remanding the case. On May 16, 1966, appellees Everest McDade and wife, Edith McDade, filed a petition, pro se, requesting fifteen days additional time within which to file a petition for rehearing. On the same date they filed a petition for rehearing. Both petitions must be denied for the following reasons:

■ (1) They were filed more than ten days after the filing of our opinion on April 28, 1966, and therefore not within the time allowed by Rule 22 of this court.

(2) Even if they had been timely filed, they contain insufficient grounds for a rehearing.

■ The judgment of the lower court insofar as Edith McDade is concerned was in all things affirmed and she was in no manner adversely affected by the opinion of date April 28, 1966.

■ Everest McDade was declared by the lower court after a jury trial mentally incompetent to deal with the other members of his family relating to the family business. On the basis of this adjudication he was granted relief from his original contracts of sale of his interests in the family enterprises. See McDade v. McDade, November 25, 1958, 45 Tenn.App. 487, 325 S.W.2d 575.

During all the litigation which has ensued from that time to the present time the adjudication of mental incompetency has continued. Everest McDade has been represented by a guardian ad litem appointed by the Chancery Court of Hamilton County. We think his guardian ad litem has represented the interests of his ward faithfully and with considerable success.

While formal assignments of error were not filed on behalf of any of the parties, this court considered the entire transcript of the record including our former opinion delivered November 25, 1958, and the decree of the lower court from which the present appeal was brought.

This litigation has been most complicated and involved. It must be remembered that fifty-one documents were required to work out the original agreement whereby Everest and Edith McDade sold their interests in the McDade family enterprises to the other members of the family. This court, on the former appeal, approved a

decree of the lower court setting aside the contracts of sale even though Everest McDade did not and could not make tender of the $25,000 which he had received as part payment. The contracts of sale were dated January 14, 1950. The controversy between the parties has lasted over sixteen years. Unless this litigation is determined shortly the solvency of all the parties will be in great jeopardy. Accordingly, we determined that it was to the best interests of all the parties that formal assignments of error be waived and that the court consider the proposals for modification of the lower court decree made by solicitors for Neil McDade, et al, and by Mr. Collins as guardian ad litem for Everest McDade.

In our opinion of date April 28, 1966, we made an adjudication which we thought was both equitable and to the best interest of all the parties. We are still of the opinion that our judgment was correct. We believe that Everest McDade will profit financially by the judgment entered upon said opinion even though he is not satisfied with it. It is seldom that a judgment can be entered by an appellate court which is satisfactory to all the parties concerned.

A decree denying the petitions of Everest and Edith McDade will be entered.