SOUTHLAND NEWS COMPANY et al., Complainants, v. EVEREST McDADE and EDITH McDADE, Defendants.

CLINT McDADE AND SONS, Complainants, v. EVEREST McDADE and EDITH McDADE, Defendants.

NEIL McDADE et al., Complainants. v. EVEREST McDADE and EDITH McDADE, Defendants. —447 S.W.2d 29.

Western Section. July 3, 1968.

Rehearing by Court of Appeals Granted August 20, 1968.

Certiorari Denied by Supreme Court February 3, 1969.

Rehearing Denied by Supreme Court March 3, 1969.

354

Everest McDade and Edith McDade, pro se.

David Tom Walker, Chattanooga, pro se.

Banks & Guthrie, Chattanooga, for Estate of Robert C. McEwan, appellant.

John S. Wrinkle, Chattanooga, for Everest McDade and Edith McDade.

Alvin O. Moore and Eugene Collins, Chattanooga, pro se.

CARNEY, J. This is another chapter in the long saga of McDade Enterprises. The cases were transferred to the Western Section for hearing from the Eastern Section.

Reference is made to an opinion by this court announced November 25, 1958, published in 45 Tenn.App. 487, 325 S.W.2d 575. On April 28, 1966, a second opinion was announced. Petition to rehear was denied June 7, 1966. Petition for certiorari was denied by the Tennessee Supreme Court December 7, 1966. The cause was remanded to the Chancery Court of Hamilton County, Tennessee. See 60 Tenn.App. 335, 447 S.W.2d 22.

On February 24, 1967, Chancellor M. B. Finkelstein entered an order setting the fees of Judge David Tom Walker and the estate of Robert C. McEwan at $35,000 for services rendered Everest and Edith McDade in the above styled cases. Judge Walker and the estate of Mr. McEwan have appealed insisting that they are entitled to a larger fee.

Hon. John S. Wrinkle of the Chattanooga Bar represents Everest and Edith McDade in resisting the appeals of Judge Walker and the estate of Mr. McEwan and insists that the fee allowed was too large and that no fee should have been allowed over $5,000 already paid.

Everest and Edith McDade have also appealed and seek to set aside as null and void not only the decree of the Chancellor to date February 24, 1967, but also the decree of this court entered pursuant to our opinion of date April 28, 1966, as well as portions of the decree of this court entered pursuant to our opinion of date No-

vember 25, 1958. They represent themselves in this part of the appeals.

Everest and Edith McDade have also filed suit in the U. S. District Court for the Eastern District of Tennessee, Southern Division at Chattanooga, seeking the recovery of $500,000 compensatory and punitive damages against Neil McDade; Ruth McDade; Dorothy McDade Ferguson; Clint McDade and Sons, Inc.; Southland News Company, Inc.; Pepsi Cola Bottling Company, Inc.; Pioneer Bank, Executor of Grace Everest McDade; Eugene Collins and Alvin O. Moore. The complaint was filed on February 28, 1968, while their appeal was pending in this court. Mr. Wrinkle is also their attorney in the damage suit. They allege that Alvin O. Moore, as one of the attorneys for Neil McDade, et al, and Eugene Collins, as guardian ad litem for Everest McDade, perpetrated fraud upon this court in the procurement of the decree of this court entered of date April 28, 1966.

Eugene Collins and Alvin O. Moore representing themselves have filed petitions in this court denying all the allegations of fraud and asking that this court review the entire record and make a judicial determination and declaration concerning the conduct of these petitioners.

On February 28, 1968, upon the petition of Edith and Everest McDade this court authorized the Clerk and Master of Hamilton County to make a disbursement of $2,500 to Edith and Everest McDade out of funds then in the hands of the Clerk and Master upon condition that their attorney, Mr. Wrinkle, approve said disbursement and that Edith and Everest McDade acknowledge their signatures on the order before a judge of a court of rec-

ord of the State of North Carolina where they now live or before the Clerk and Master of Hamilton County.

Pursuant to notice to all interested parties, on Monday, March 25, 1968, in Jackson, Tennessee, oral argument was had before the Western Section on all issues before the court. Oral argument on the appeals before this court were made by the following: (1) Judge David Tom Walker in behalf of himself and the estate of Robert C. McEwan, deceased; (2) Alvin O. Moore and Eugene Collins in behalf of the petitions filed by them in this court; (3) Hon. John S. Wrinkle as attorney for Everest and Edith McDade relative to the fee allowed by the Chancellor in favor of Judge Walker and the estate of Robert C. McEwan;.(4) Everest McDade and wife, Edith McDade, representing themselves relative to the appeals filed by them. A stenographic report of the entire proceedings was made but this court has not been furnished with a copy of the report it transcribed.

## APPEAL BY EVEREST AND EDITH McDADE

Mr. and Mrs. McDade have prepared and filed assignments of error and extensive brief and written argument in this court. They insist that the Chancellor erroneously appointed Mr. McEwan to act as guardian ad litem for Everest McDade after he had already been retained by Mrs. Edith McDade as her personal attorney. They insist that the constitutional rights of Everest McDade were violated because McEwan was a member of the Chattanooga Bar Association and that the Chattanooga Bar Association had an understanding that no member of the Association would represent a litigant in a suit against another member of the Bar Association and McEwan refused to assist Everest in his suit for damages against

Hon. Raymond Witt, a member of the Chattanooga Bar Association. Mr. Witt had represented Everest McDade in the original negotiations for the sale of Everest and Edith McDade's interests in the several McDade enterprises to the other members of his family. Mr. and Mrs. McDade also insist that the appointment of a special guardian, Hon. Carl Baker, pursuant to the opinion of this court of date April 28, 1966, was illegal and a violation of their constitutional rights because Everest McDade had never been declared a non compos mentis by a court of competent jurisdiction. They also insist that the opinion of this court of date April 28, 1966, and the decree entered thereon were both erroneous and illegal for lack of jurisdiction and for fraud of attorneys Moore and Collins.

Unquestionably Mr. and Mrs. Everest McDade feel that they are entitled to much more relief and to much more money than they have received. Probably they do not fully understand the inconsistent position which they assume by insisting that the fifty-odd contracts, many of which they personally signed and executed in the sale of their interests in McDade enterprises, were voidable because of the mental incapacity of Everest McDade at the time of the execution of said contracts in 1950 and at the time of the trial in 1957 and now insisting that the actions of the Chancellor in appointing Robert McEwan and Eugene Collins as successive guardians ad litem were voidable because Everest McDade had never been declared a non compos mentis.

It must be remembered that in January, 1950, Everest and Edith McDade sold all of their interests in McDade enterprises at a total price of $150,000 payable $25,000 in cash and the remainder at $7,500 per year with interest

at 2½% per annum. He received payments up until the time of the second trial before the Chancellor in 1957. The Chancellor concurred in the finding of the jury that Everest McDade was mentally incompetent to execute the contracts in January, 1950, and held that the incompetency had continued up until the time of the trial in 1957. He also concurred in the finding of the jury that the purchase price was not grossly inadequate. The Chancellor allowed Everest McDade to file a cross bill to rescind the contracts without requiring him to make tender of that portion of the purchase money which he had received over the seven-year period.

■ Robert McEwan represented Mrs. Edith McDade as her attorney and Everest McDade represented himself before the jury and convinced the jury of his mental incompetency. After the Chancellor approved the finding of the jury that Everest was mentally incompetent, the Chancellor quite properly, on his own motion, named Mr. McEwan as attorney ad litem for Everest McDade. From the Chancellor's opinion we quote:

"To hold down expenses and at the same time fully protect the rights of Everest McDade, the court appoints Robert C. McEwan as guardian ad litem for Everest McDade. He has served on and off as attorney for Everest McDade and is fully conversant with every phase of this litigation and the problems that will arise in connection with carrying out the further orders of the Court, and in the event of an appeal, he will appear of record as attorney and guardian ad litem for Everest McDade. * * *" Opinion of Chancellor Finkelstein February 15, 1957, page 17.

In that same opinion the Chancellor held that Everest and Edith McDade were not entitled to recover $5,000 attorney's fee paid to Raymond Witt of the Chattanooga Bar; that he had not acted antagonistic to the interests of Everest and Edith McDade and that his charge of $5,000 for services rendered was reasonable.

When the case was appealed to the Court of Appeals, Mr. McEwan did appear as attorney for Edith McDade and as guardian ad litem for Everest McDade as appellees and no objection was made to Robert McEwan serving as attorney for Edith McDade or as guardian ad litem for Everest McDade. See McDade v. McDade, 45 Tenn.App. 487, 325 S.W.2d 575.

The case was remanded pursuant to our opinion of date November 25, 1958, and the Chancery Court proceeded to extended accounting as ordered by our opinion of date November 25, 1958. Mr. Robert McEwan died July 29, 1959. Mr. Eugene Collins of the Chattanooga Bar was appointed successor guardian ad litem of Everest McDade.

It has long been the rule in Tennessee that when a litigant has been brought into a court of competent jurisdiction by legal process and the court has doubt as to the legal capacity of such litigant to manage his own affairs and intelligently appraise and understand his rights as such litigant, the court is obligated to appoint a guardian ad litem to represent such litigant in the cause then pending before the court if such litigant has no regular or general guardian. Gibson's Suits in Chancery, 5th Edition, Section 113 and Section 234.

Everest was a resident of the State of North Carolina at the time of the trial in 1957 and it is doubtful that a

court in Tennessee would have had jurisdiction to declare him a non compos mentis and appoint a general guardian. Further, Everest had such a forceful and engaging personality that it is doubtful that in a lunacy proceeding a court or jury would have found him non compos mentis and appointed for him a general guardian if he had resisted. The Chancellor said:

"Everest McDade's right to maintain the action without suit being instituted by a next friend was never challenged. There has been considerable improvement in Everest McDade's mental condition, but he still lacks mental capacity and is not competent to handle involved business affairs. A guardian ad litem should be appointed. In the absence of an application for such appointment by either party, the Court on its own motion should proceed to make an appointment. Ordinarily Edith McDade would be appointed. With the strained family relationship, it is conceivable that such an appointment could aggravate the complicated family affairs. Everest McDade, through his wife, would be attempting to compel her to do things that otherwise she might not do and that one without family ties might not find necessary or desirable to undertake."

Under these circumstances, His Honor the Chancellor had no alternative but to appoint a guardian ad litem to represent Everest McDade in the proceedings subsequent to the rescission of the contract. However, for an equally strong and cogent reason we hold that Everest and Edith McDade may not now question or attack the validity of the decree of this court pursuant to our opinion of date April 28, 1966, or any prior decree either of the lower court or of this court. All of such decrees have become final.

On September 3, 1966, Everest and Edith McDade filed petition for writ of certiorari to the Supreme Court to review and reverse the opinion of the Court of Appeals rendered of date April 28, 1966, and the judgment thereon of date May 20, 1966. On the same day they filed assignments of error, brief and argument in support of said petition. In their brief and argument they made substantially the same arguments as they have made in the present appeal regarding the correctness and legality of said opinion of April 28, 1966, and the decree thereon of date May 20, 1966. The Supreme Court, on December 5, 1966, denied the petition for writ of certiorari. The opinion of this court of date April 28, 1966, and the decree thereon of date May 20, 1966, became final and are now the law of this case. T.C.A. Section 27-312 and Rule 32 of the Tennessee Supreme Court; Lamb v. Sneed, 63 Tenn. 349.

The petition for certiorari, the assignments of error, and brief and argument in support thereof were prepared by the law firm of Glasgow and Adams of Nashville, Tennessee, and were signed by J. L. Thompson, III, and S. McPheeters Glasgow, Jr. as attorneys for Mr. and Mrs. McDade. Mr. Everest McDade stated in the hearing before this court on March 25, 1968, that he participated and assisted in the preparation of the petition for writ of certiorari, the assignments of error, and brief and argument. The court knows that the law firm of Glasgow and Adams is one of the leading law firms of the City of Nashville and Messrs. Thompson and Glasgow, Jr. are reputable members of the Bar and quite capable of representing Mr. and Mrs. McDade adequately. For these reasons we hold that Mr. and Mrs. McDade have had their day in court with adequate representation and can-

not now attack the validity of the decree of this court of date May 20, 1966, nor decrees and orders made prior thereto. Therefore, all the assignments of error of Mr. and Mrs. McDade are respectfully overruled.

For substantially the same reasons, the Petition for Settlement filed by Everest and Edith McDade and the Motion by Carl Baker, Special Guardian of Everest McDade, that "a hearing be held at the proper time on whether such guardianship was ordered by due process of law" are denied.

## APPEAL OF JUDGE DAVID TOM WALKER AND THE ESTATE OF ROBERT C. McEWAN

Paragraph 20 of decree of this court of date May 20, 1966, provided as follows:

"20. The property and moneys due Everest and Edith McDade shall be solely liable for the payment of the legal fees accrued to Judge David Tom Walker and the estate of Robert McEwan for services rendered Everest McDade prior to the appointment of Eugene Collins as guardian and attorney ad litem, and none of these fees shall in any way encumber the property and moneys of the appellants as they are released from all obligations and liabilities for any of the fees due Judge David Tom Walker and the estate of Robert McEwan. The special guardian appointed for Everest McDade and the Clerk and Master shall pay, from moneys and property of Everest McDade and Edith McDade, the legal fees due Judge David Tom Walker and the estate of Robert McEwan, as the Chancellor shall hereafter direct."

Upon remand Chancellor Finkelstein set the fee of Judge Walker and the estate of Mr. McEwan at $35,000

of which amount $18,000 was allocated to Judge Walker and $17,000 was allocated to the estate of Mr. McEwan. Five thousand dollars had previously been allowed by the court to Mr. McEwan leaving only a net amount of $12,000 awarded to the estate of Mr. McEwan.

Judge Walker and solicitors for the estate of Mr. McEwan insist on this appeal that the fees to be awarded appellants had already been fixed by order entered by Chancellor Curry of date June 3, 1957, and that Chancellor Finkelstein and this court were without power to modify said award. The order entered by Chancellor Curry approved a report of the Clerk and Master recommending a fee to Mr. McEwan as attorney for Edith McDade and guardian ad litem for Everest McDade of twenty-five percent of all funds or stock recovered by Everest and Edith McDade over and above the $150,000. It is the contention of appellants that under this formula their fee would exceed $50,000.

The order of reference was a part of the decree entered April 29, 1957, following the second trial in which the conveyance by Everest and Edith of their interests in McDade enterprises was rescinded. This decree was appealed by broad appeal to the Court of Appeals. T.C.A. Section 27-301. The portion of the decree ordering the reference is as follows:

"The costs of the cause are adjudged against Neil McDade and Grace Everest McDade, except those costs incident to the cross bill of Clint McDade, which are adjudged against him. The Court will retain jurisdiction of the cause for the purpose of enforcing this decree and a lien is declared on the amount due Edith and Everest McDade in favor of Robert C. McEwan

for his services in the matter, and a reference is hereby ordered to the Clerk and Master to determine the reasonable value of his services to date. The Master will notify all interested parties of the time and place of a hearing to determine the amount and will report his findings to the Court."

Motion for new trial by the losing parties was filed May 2, 1957, and overruled May 9, 1957, and the parties were allowed thirty days to file appeal bond and sixty days to prepare and file bill of exceptions. On May 25, 1957, the Clerk and Master took proof of Mr. McEwan and two other members of the Chattanooga Bar along with the testimony of Everest McDade relative to the fee of Mr. McEwan. On May 27, 1957, the Clerk and Master reported that a reasonable fee for McEwan and Walker for representing Everest and Edith McDade would be "twenty-five percent of the amount they are to receive over and above $150,000 for which they had originally sold their interests in the various McDade enterprises, plus twenty-five percent of the stock to be received by the defendants and cross-complainants, Edith and Everest McDade." On May 28, 1957, Clint McDade perfected his appeal to the Court of Appeals.

On May 28, 1957, Chancellor Clifford Curry, sitting by interchange, granted Neil McDade; Grace Everest McDade; Ruth McDade; Clint McDade and Sons; Southland News Company, a Partnership; Southland News Company, a Corporation; and Pepsi Cola Bottling Company thirty days additional time in which to file bill of exceptions.

On May 29, 1957, McEwan and Walker moved the court to confirm the report of the Master filed May 27,

1957. Notice of the motion was sent by registered mail on May 29, 1957, to Edith and Everest McDade at their home in North Carolina and received by them on May 31, 1957. No exceptions were filed. On June 3, 1957, Chancellor Curry, sitting by interchange, entered an order confirming the report of Carl Baker, Clerk and Master, dated May 27, 1957, and ordered as follows:

"ORDERED that McEwan & Walker, solicitors for Everest and Edith McDade, be paid as their reasonable compensation for services to date twenty-five percent (25%) of all monies paid to Edith or Everest McDade from Neil McDade, etc. after said Everest and Edith McDade receive an additional $8,962.64, which gives to them $150,000 free of any fees. It is

FURTHER ORDERED that McEwan & Walker receive twenty-five percent (25%) of any stock or partnership interest paid to Everest or Edith McDade as part of their reasonable compensation. The Clerk of this Court is directed to make distribution to McEwan & Walker of twenty-five percent (25%) of the funds in his hands, after first deducting $8,962.64, to which no fee attaches, and the cross-defendants, Neil McDade, Southland News Company, etc. are authorized and directed to pay direct to McEwan & Walker *twenty-five percent (25%) of all amounts which they would otherwise pay direct to Edith and Everest McDade in carrying out the order of this Court.*

Approved for Entry:

McEWAN & WALKER

BY: /s/ Robert C. McEwan"

On June 4, 1957, Neil McDade and all the parties perfected their appeal to the Court of Appeals. A broad

appeal was taken to the Court of Appeals from the final decree of the Chancellor of date April 29, 1957, adjudicating the rights of the parties. When the cause was argued before this court on the appeal, Mr. McEwan, as guardian ad litem for Everest McDade and as attorney for Edith McDade, made no mention of the fact that the lower court had fixed his fees at any definite amount or specific sum and made no request of this court to set his fee or to affirm the order of Chancellor Curry setting his fee. Neither our opinion of date November 25, 1958, nor the decree entered thereon made any mention of the fee to be received by McEwan and made no provision therefor.

It was obvious to this court that a great amount of subsequent legal proceedings, references, accountings, and fact findings would be necessary to adjudicate and adjust finally the complicated rights and equities of all the parties. We intended and expected that the fee of Mr. McEwen would be determined by the lower court upon the termination of the case or the termination of his services upon the remand. This case has been the most complex and most difficult of all the cases ever heard by this member of the Court of Appeals. Our opinion of date November 25, 1958, covers ninety-five pages in the official reports. We could not and did not try to adjudicate completely the rights, equities and liabilities of the parties to the litigation. This, we think, is clearly expressed in the closing paragraphs of our opinion of date November 25, 1958, to wit:

"Since Everest McDade has been declared incompetent to contract with Neil McDade et al, we think it very necessary that all the rights and obligations of all the parties to this litigation be completely and fully

adjudicated as soon as possible. Therefore, upon the remand of this cause the Chancellor will determine those questions expressly reserved by him in his former decree as well as all other matters necessary to adjudicate completely the rights of the parties.

Accordingly, the cause is remanded to the Chancery Court of Hamilton County for further proceedings consistent with this opinion.''

On March 4, 1959, Chancellor Finkelstein filed a memorandum opinion reciting that the case was before the Chancellor on a procedendo from the Court of Appeals directing the court to ''determine those questions expressly reserved by him in his former decree as well as all other matters necessary to adjudicate completely the rights of the parties.'' The Chancellor recited that a complicated accounting was necessary and ordered a reference to the Clerk and Master to report on some twenty-three issues. The Chancellor also authorized the employment by the Clerk and Master of an accountant to aid him in the preparation of such reference. On March 16, 1959, Chancellor Finkelstein entered an interlocutory order authorizing the Clerk and Master to make the following payments from funds out of the registry of the court:

(1) Funds sufficient to repay all loans made by Everest McDade on his life insurance policies.

(2) An amount to pay all delinquent taxes on real estate located on Signal Mountain owned by Everest and Edith McDade.

(3) The sum of $350 a month to Edith and Everest McDade for their maintenance and support pending the conclusion of the litigation.

(4) The sum of $5,000 to Robert C. McEwan on account of fees due him for services in this matter as solicitor and/or guardian ad litem for Everest Mc-Dade.

Mr. Robert C. McEwan died on July 29, 1959. On July 30, 1959, Mr. Eugene Collins, a solicitor of the Chattanooga Bar, was appointed guardian ad litem and attorney ad litem for and on behalf of Everest McDade to faithfully represent his interest in subsequent proceedings.

Protracted hearings, references, motions, and litigation ensued between Eugene Collins as guardian ad litem of Everest McDade and the complainants, Neil McDade and wife, and Grace Everest McDade, as well as the family owned corporations. Apparently Mrs. Edith McDade represented herself in most, if not all, of the litigations after the appointment of Eugene Collins as guardian ad litem. A record of over 1,200 pages was filed on the second appeal.

Upon remand of the case following our decree of date May 20, 1966, Everest McDade and wife, Edith McDade, represented themselves in resisting the award of any attorneys' fee to the estate of Robert C. McEwan and to Judge David Tom Walker. On February 24, 1967, Chancellor Finkelstein held that the decree of date June 3, 1957, entered by Chancellor Clifford Curry fixing a fee for Mr. McEwan and Judge Walker must be modified since the Court of Appeals did not see fit to award any of Everett McDade's stock to the estate of Robert McEwan and Judge Walker. The Chancellor fixed the fee of McEwan and Walker at $35,000 as above set out. The services of Eugene Collins as attorney and guardian ad litem were terminated in the same order entered of date February 24, 1967.

Judge Walker and the widow of Mr. McEwan have appealed and also Everest McDade and wife, Edith McDade, have appealed from the award of attorneys' fees.

■ We hold that for several reasons the order of date June 3, 1957, which was signed by Chancellor Curry fixing the fee for Mr. McEwan and Judge Walker was not binding on Chancellor Finkelstein. First, the reference taken by the Clerk was predicated upon a final decree which was completely vacated by the broad appeal of Neil McDade, et al, to the Court of Appeals. T.C.A. Section 27-301. The effect of a broad appeal to the Court of Appeals is to transfer the entire cause as to all the parties for a hearing de novo and re-examination of the whole matter of law and fact appearing in the record and the Court of Appeals will, therefore, try the cause as though it had originated in that court and render such decree as should have been rendered by the Chancellor. Tennessee Central Ry. Co. v. Cumberland Storage & Warehouse Co., (1953), 36 Tenn.App. 684, 685, 260 S.W. 2d 208; Fletcher v. Russell, (1943), 27 Tenn.App. 44, 177 S.W.2d 854.

■ Since the decree which ordered the reference was vacated and brought to this court, necessarily the report of the Clerk and Master setting the fee of Mr. McEwan and the order of Chancellor Curry confirming the report were completely vacated and without further effect. The Court of Appeals, in our opinion of date November 25, 1958, could have made an adjudication retaining the lien on the funds awarded Everest and Edith McDade in favor of Mr. McEwan and determining his fee. We did not do so because the matter was not brought to our attention. Hence, that became a question which was pretermitted by the Court of Appeals. Upon a remand of the

cause by decree of the Court of Appeals pursuant to our opinion of date November 25, 1958, the Chancery Court of Hamilton County could have entered an order re-establishing a lien in favor of Mr. McEwan and setting his fee as guardian ad litem but no such order was entered. Hence, when the matter came on for hearing before Chancellor Finkelstein on February 24, 1967, for the determination of the fee of McEwan and Walker, the decree of date June 3, 1957, signed by Chancellor Curry was of no force and effect.

In the second place, ordinarily a concurrent finding of the Master and the Chancellor as to the amount of solicitors' fees to be allowed is not binding on the appellate court. Gibson's Suits in Chancery, 4th Edition, Section 620; Pearson v. Gillenwaters, 99 Tenn. 446, 42 S.W. 9, and Vanhooser v. Cunningham, 24 Tenn.App. 480, 146 S.W.2d 840. When we consider that Mr. McEwan was guardian ad litem of Everest McDade who had been declared mentally incompetent, the trust relationship between him and his ward continued until Mr. McEwan's death and he was never at any time in a position to assume a position beneficial to himself and hostile to that of his ward. The matter of determination of his fee by the Chancery Court to be paid to him by his ward continued within the bosom of the court until the termination of his services, which, of course, was occasioned by his death on July 29, 1959. The Chancery Court, acting in loco parentis, and as general guardians for minors, idiots, lunatics and persons of unsound mind, will do for them and their property, what they themselves would in all probability have done if possessed of good reason and good conscience. Gibson's Suits in Chancery, 5th Edition, Section 1016, page 274.

Also we observe that Chancellor Curry probably could not determine the fee for Mr. McEwan as well as Chancellor Finkelstein because Chancellor Finkelstein was thoroughly familar with every phase of the litigation. He could more fully appreciate the work done by Mr. McEwan and could more properly determine the amount of Mr. McEwan's fee. The record does not indicate that Chancellor Curry gave any detailed study to the litigation which had preceded the report of the Clerk and Master but indicates that he simply approved a report of the Clerk and Master which was unexcepted to and which had been filed for only five days. Under these circumstances we hold that neither the Court of Appeals nor the Chancery Court of Hamilton County was bound by the order signed by Chancellor Curry.

Third, even assuming that the entry of date June 3, 1957, signed by Chancellor Curry purporting to fix the fee of Mr. McEwan as guardian ad litem was valid and binding, we hold that implicit in such decree was the expectation that Mr. McEwan and/or Judge Walker would continue to represent Edith and Everest McDade through the termination of the litigation. Subsequent events proved that the litigation had not reached the halfway point at the time of the entry of this decree. Mr. McEwan died in 1959 and it was necessary that Everest McDade have legal representation continuously to the present time. These services, and they have been lengthy and tedious and difficult, were performed by Mr. Collins and more recently by Mr. Wrinkle. Under these circumstances we hold that Chancellor Finkelstein had legal authority to modify the decree entered by Chancellor Curry and award a specific sum as attorneys' fees to the estate of Mr. McEwan and to Judge David Tom

Walker substantially less than the amount approved by Chancellor Curry. Gibson's Suits in Chancery, Crownover, 5th Edition, Section 40, Footnote 20.

■ Chancellor Finkelstein set a fee of $35,000 for Mr. McEwan and Judge Walker on the basis of actual knowledge by him of the services rendered by these gentlemen, the litigation which continued after their services were terminated, and upon a consideration of the entire record. Certainly the record does not preponderate against his finding. Therefore, we affirm it. T.C.A. Section 27-303. The assignments of error of Judge Walker and the estate of Mr. McEwan are respectfully overruled.

■ As to the assignments of error filed by Mr. Wrinkle in behalf of Everest McDade and wife, Edith McDade, to the action of the Chancellor in awarding the fee of $35,000, we find no merit in the insistence by Mr. Wrinkle that the Chancery Court was without power and authority to appoint a guardian ad litem and was without power to award attorneys' fees as compensation to such guardian ad litem and attorney.

The assignments of error filed by Mr. Wrinkle as attorney for Edith and Everest McDade and the assignments of error filed by Everest and Edith McDade pro se relating to the awarding of the attorneys' fee to the estate of Mr. McEwan and to Judge Walker are respectfully overruled.

■ The motion by Mr. Wrinkle on behalf of appellees, Everest McDade and Edith McDade, to strike the assignments of error of the appellants, Judge David Tom Walker and the estate of Mr. Robert McEwan, on the ground that there was never any prayer by the appellants for an appeal or appeal granted is denied

for two reasons: (1) We are not cited to the page in the record where that portion of the decree referred to may be found, Rule 11, and (2) even assuming that the decree did fail to grant an appeal, this court can consider the record as on writ of error and determine the merits of the controversy the same as if an appeal had been prayed, granted and perfected. T.C.A. Section 27-601; Chumbley v. Duck River Electric Membership Corporation, (1958), 203 Tenn. 243, 310 S.W.2d 453.

The decree of the Chancellor awarding fees in the net amount of $30,000 to Judge Walker and the estate of Robert C. McEwan is in all things affirmed.

## PETITIONS OF ALVIN O. MOORE AND EUGENE COLLINS

This court has before it a copy of the complaint filed of date February 23, 1968, in the U. S. District Court for the Eastern District of Tennessee, Southern Division, in which Everest McDade and Edith McDade as plaintiffs have brought suit for $500,000 against Neil McDade, Ruth McDade, Dorothy McDade Ferguson, Alvin Moore and Eugene Collins, Clint McDade and Sons, Inc., Southland News Company, Inc., Pepsi Cola Bottling Company, Inc., and Pioneer Bank as Executor of the estate of Grace Everest McDade. We understand the complaint to charge that Alvin O. Moore and Eugene Collins conspired to defraud Everest McDade and Edith McDade by misrepresenting certain facts to the Court of Appeals and in withholding certain information from the Court of Appeals in connection with the petition for settlement which was filed in this court pending the appeal from the April, 1957, decree of the Chancery Court of Hamilton County. This is not the proper forum to decide such

suit. We respect the jurisdiction and authority of the U. S. District Court and make no effort to impinge upon its jurisdiction nor to influence its decision.

However, in fairness to the petitioners, Alvin O. Moore and Eugene Collins, we feel that we should state that from a study of all the many records before this court on this appeal we have found nothing to indicate to us that the said Alvin O. Moore and/or Eugene Collins have been guilty of any fraud or misrepresentation or withholding of material facts in any of their pleadings, argument, or conferences with this court. Insofar as this court has the legal capacity so to do at this time we exonerate them of any and all fraudulent conduct toward this court

A decree affirming the action of the lower court and remanding the cause for execution in accordance with this opinion will be entered. The costs of this appeal will be taxed one-half against Edith and Everest McDade and one-half against Judge Walker and the estate of Robert McEwan. T.C.A. Section 20-1621.

Avery, P. J. (W.S.), and Bejach, J., concur.

ON PETITION FOR REHEARING

CARNEY, J. On July 3, 1968, this Court announced an opinion in the above styled causes. The appellants, Judge David Tom Walker and the Estate of Robert C. McEwan, have filed a petition to rehear that portion of the opinion relating to the fees awarded them.

Assignment of error No. I asks the Court to apportion the net judgment of $30,000 so as to conform to the decree of the Chancellor as follows: $18,000 to the Estate of Mr. McEwan and $12,000 to Judge David Tom Walker.

This assignment is well taken and the decree entered in this Court will reflect such modification.

Assignment of error No. II asks the Court to appropriate some $20,000 now in the hands of the Clerk and Master belonging to Everest and/or Edith McDade toward the payment of the attorneys' fees awarded to Judge Walker and the Estate of Mr. McEwan. Assignment of error No. II also asks the Court to modify that portion of the decree of the Chancellor which ordered payment of the fees at the rate of 15 percent of the quarterly receipts by Everest and Edith McDade from the defendants, Neil McDade, et al, so as to accelerate the payment of said attorneys' fees. Also they ask that the fees draw interest since Everest and Edith McDade receive interest on their judgment against Neil McDade, et al. The assignment of error will be sustained to the extent that the judgments of $18,000 in favor of the Estate of Robert C. McEwan and $12,000 to Judge David Tom Walker will bear interest at the rate of 3 percent per annum from February 24, 1967, the date of the entry of the decree of the Chancellor below.

To consider the request to subject the funds of Everest and Edith McDade now in the hands of the Clerk and Master to the payment of petitioners' judgments and/or to accelerate the payments would require us to recall from the Clerk of this Court the vast record and to winnow through several hundred pages to learn the present financial relationship of Everest and Edith McDade to Neil McDade, et al. This is a matter which addresses itself primarily to the judgment of the Chancellor. The request will be denied.

Accordingly, our opinion heretofore entered in this cause of date July 3, 1968, will be modified only as here-

inabove set out and the petition to rehear sustained only to such extent. The cause will be remanded to the lower court without prejudice to Judge Walker and the Estate of Mr. McEwan to file petition for subjection of the funds and/or acceleration of payment of the judgments by order of the Chancellor.

In addition to the reply to the petition to rehear filed by Mr. Wrinkle, attorney for Edith McDade and Everest McDade, a reply to the petition to rehear was also filed by Everest and Edith McDade, acting pro se. They insist that the petition to rehear by Judge Walker and the Estate of Mr. McEwan should not only be denied but that this Court should reverse that portion of our opinion of July 3, 1968, in which we affirm the action of the Chancellor in awarding fees in the balance of $30,000 to Judge Walker and the Estate of Mr. McEwan and that we should remand the cause to the Chancellor for a reference as to the amount of the fee, if any, to be awarded Judge Walker and Mr. McEwan.

They cite in support of this insistence a colloquy between the Chancellor and Everest McDade which occurred on March 27, 1967, regarding a motion filed by Everest McDade for a rehearing on the McEwan and Walker fee. The Chancellor told Mr. McDade that if he and Mrs. McDade wanted a reference on the amount of the fee which he had awarded he would grant them one. However, no reference was ordered.

When the cause came on to this Court on appeal by Judge Walker and the Estate of Mr. McEwan contesting the amount of the fee awarded them by the Chancellor, Everest and Edith McDade appeared in open court on March 25, 1968, and stated that Mr. John S. Wrinkle of

the Chattanooga Bar represented them on the appeal concerning the award of fees by the Chancellor to Judge Walker and the Estate of Mr. McEwan. Mr. Wrinkle filed a "Reply Brief to Assignments of Error of Judge David Tom Walker and Mrs. Martha E. McEwan" which he concluded as follows: "Respectfully submitted, John S. Wrinkle, Solicitor for Everest and Edith McDade." In this brief Mr. Wrinkle made no mention of the request by Everest and Edith McDade for a reference as to the amount of the fees to be awarded Judge Walker and the Estate of Mr. McEwan. Mr. Wrinkle made three contentions in his reply brief: (1) The Chancellor correctly refused to be bound by the order of Chancellor Curry confirming the report of the Clerk and Master setting the fees of Judge Walker and Mr. McEwan at 25 percent of the recovery over and above $150,000, and (2) that all attorneys' fees should have been adjudged against Neil McDade and the other defendants and that Everest and Edith McDade should not be liable for any attorneys' fees, and (3) that the total amount of attorneys' fees awarded by the Chancellor to Eugene Collins, Guardian Ad Litem, and $35,000 to Judge David Tom Walker and Mr. McEwan was excessive. His reply closed as follows: "We respectfully insist that this total is too great in the light of the results and that this Honorable Court should reduce the total."

This Court, in our opinion of date July 3, 1968, sustained the contention of Mr. Wrinkle that the order of Chancellor Curry setting the fees as 25 percent of the recovery was not binding on Chancellor Finkelstein and we denied the appeal by Judge Walker and the Estate of Mr. McEwan. We considered and denied the insistence by Mr. Wrinkle that the fees allowed by the Chancellor

should be taxed against Neil McDade, et al, or in the alternative that this Court should reduce the total.

 We now hold that the insistence of Everest and Edith McDade, acting pro se, that this Court should modify our opinion of date July 3, 1968, affirming the action of the Chancellor as to fees and remand the cause for a reference must be overruled and denied for two reasons: (1) Such insistences in reality constitute a petition to rehear and were not filed within ten days after our decree was announced in this cause of date July 3, 1968, as provided by Rule 22 of this Court. (2) The contention for a reference cannot be made for the first time on a petition to rehear. Everest and Edith McDade are now estopped by the failure of their solicitor, Mr. Wrinkle, to insist upon a reference in his reply brief to the appeal of Judge Walker and the estate of Mr. McEwan. Tenn. Oil Co. v. McCanless, (1942), 178 Tenn. 683, 157 S.W.2d 267, 162 S.W.2d 1081; Eslinger v. Miller Bros. Co. (1958), 203 Tenn. 688, 315 S.W.2d 261.

 Everest and Edith McDade, by letters to this Court, have made request for the entry of an order directing the Clerk and Master to pay over to Edith McDade all funds held by him belonging to her except court costs and fees. Mrs. McDade insists that she needs the money to pay life insurance premiums.

This Court, in the present state of the record, cannot intelligently determine the validity of the request of Mrs. McDade for the release of such funds. Accordingly, the request will be denied without prejudice to Mrs. McDade to file petition with the Chancellor below for release to her of such funds belonging to her as the Chancellor may

determine to be equitable and proper under circumstances then obtaining.

The costs accruing in this Court on the petition to rehear and the reply thereto as well as the petition of Mrs. Edith McDade will be taxed one-half to Judge Walker and the Estate of Mr. McEwan and one-half to Everest and Edith McDade. The cause will be remanded as heretofore ordered.

Judge AVERY retired before this opinion was drafted and took no part in the decision.

Bejach, J., concurs.